UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN PARKER, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JUAN PRISHKER, an individual; and UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:24-cv-2138-L-MSB<br><br>**ORDER DENYING THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[ECF No. 17] |

　　　Pending before the Court is Defendant United States of America's ("United States" or the "Government") motion to dismiss for lack of subject-matter jurisdiction.  (ECF No. 17.)  Plaintiff Karen Parker opposed (ECF No. 18), and the Government replied (ECF No. 19).  The Court decides the matter on the papers submitted without oral argument.  *See* Civ. LR 7.1(d.1).  For the reasons set forth below, the Government' motion is denied.

/ / / / /

A.     **BACKGROUND**[1]

Plaintiff is a retired social worker who volunteers as a humanitarian aid worker providing first aid services to detainees at the U.S.-Mexico border around Jacumba Springs, California. Plaintiff frequently works with Border Patrol agents to ensure the timely delivery of medical care to immigrants in the custody of the United States Customs and Border Protection Agency ("CBP").

Plaintiff was volunteering at a CBP open air detention center. To facilitate medical transport for a detainee, Plaintiff sought to contact a CBP agent. Plaintiff drove to an area along the border wall where agents were often found. She encountered Agent Juan Prishker ("Prishker") alone in his truck and parked beside him. Plaintiff and Prishker stood between their two vehicles when Plaintiff asked Prishker about a detainee medical transport. Instead of responding to her inquiry, Prishker blocked Plaintiff from her car and showed her two photos of his penis on his phone. He asked Plaintiff what she thought about them. When Plaintiff tried to retreat to her car, Prishker again blocked her way and asked her the "difference between good and evil," and whether they were "the same." Plaintiff was terrified, given that she was alone in the dark with an armed agent much larger than herself. She was eventually able to back away and leave.

In October of 2024, Prishker was charged by the San Diego District Attorney's Office with two felonies -- sexual battery and false imprisonment, and four misdemeanor counts of distributing obscene material. Plaintiff is one of multiple victims in the criminal complaint.

/ / / / /

---

[1]    Because the Government's motion presents a facial challenge, the Court takes as true the allegations in the operative complaint. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

1 In this action Plaintiff alleges intentional infliction of emotional distress, negligence, and false imprisonment under the Federal Torts Claim Act ("FTCA") against Prishker and the Government. The Government moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[2]

### B.  LEGAL STANDARD

The Government asserts sovereign immunity as the basis for dismissal. A claim of sovereign immunity is a quasi jurisdictional issue that can be addressed on a Rule 12(b)(1) motion. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).[3]

A defendant's challenge under Rule 12(b)(1) may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite*, 749 F.3d at 1121 (quoting *Safe Air for Everyone*, 373 F.3d at 1039). By contrast, a factual challenge "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.* The Government brings a facial challenge. (ECF No. 17, "Mot." at 4.)

### C.  DISCUSSION

#### 1.  Sovereign Immunity

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Thus, the United States may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir.1987). "There cannot be a right to money damages without a waiver of sovereign immunity." *United States v.*

---

[2] All future references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[3] Unless otherwise noted, internal quotation marks, citations, footnotes, ellipses, and brackets are omitted from citations.

*Testan*, 424 U.S. 392, 400 (1983).  A waiver is not implied but must be unequivocally expressed.  *Id.* at 399.  "[S]tatutes which are claimed to be waivers of sovereign immunity are to be strictly construed against such surrender."  *Safeway Portland Emp. Fed. Credit Union v. Fed. Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th Cir. 1974).

A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity.  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).  "The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "Absent consent to sue, dismissal of the action is required."  *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

### 2. FTCA

Plaintiff claims waiver of sovereign immunity under the FTCA.  The FTCA is the exclusive remedy for tortious conduct by the United States.  *Fed. Deposit Ins. Corp. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).  It "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and 'render[ed]' itself liable."  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (citing 28 U.S.C. § 1346(b)).  Section 1346(b) provides in pertinent part:

> [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages …, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  The United States is liable "in the same manner and to the same extent as a private individual under like circumstance[s]."  28 U.S.C. § 2674.  Here, the

Government is liable for Prishker's conduct if a private employer would be liable under California law.

### 3. Scope of Employment

The only dispute presented by the Government's motion is whether Prishker was acting within the scope of his employment when the events that gave rise to this case took place. In FTCA cases, whether the federal employee was acting within the scope of his employment is analyzed under the *respondeat superior* principles of the state in which the alleged tort occurred. *See Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 876 (9th Cir. 1992). California law of *respondeat superior* applies here because Prishker's actions occurred in California.

"The scope of employment has been broadly interpreted" by California courts. *John Y. v. Chaparral Treatment Ctr., Inc.*, 101 Cal. App. 4th 565, 575 (2002). *Respondeat superior* liability attaches when the employee's tort is engendered by or arises from his or her work. *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 298 (1995). Accordingly, "[a]n employee's willful and malicious intentional torts, including those that might contravene an employer's express policies, do not automatically fall outside the scope of employment." *Daza v. Los Angeles Comm'ty. Coll. Dist.*, 247 Cal. App. 4th 260, 268 (2016). To fall within the scope of employment, the intentional misconduct must be "a generally foreseeable consequence" of the defendant employer's business, or stated another way, "not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Lisa M.*, 12 Cal. 4th at 299.

For example, in an FTCA action alleging emotional distress arising from sexual assault, an asylum officer who solicited bribes and sexual favors in exchange for granting asylum applications was found to have acted within the scope of his employment under California law, even though his conduct was unauthorized and did not serve his

/ / / / /

employer. *Xue Lu v. Powell*, 621 F.3d 944 (9th Cir. 2010) (*"Powell"*).[4] The court found that the officer abused his powers and his conduct, although unauthorized, was incidental to his employment. *Id.* at 948-49.

The Government argues that "[i]n the case of a law enforcement officer sexual assault, a finding of scope hinges on the misuse of the officer's arrest authority or legal authority to commit the assault." (ECF No. 19, "Reply," at 4.)  The Court disagrees.  The holding of *Powell* did not hinge on the asylum officer's arrest authority or legal authority to commit the assault but on his authority to grant asylum applications.  *See also Fajardo v. United States*, 792 F. App'x 481 (9th Cir. 2020) (sexual assault on witness by Special Agent of the U.S. Department of State investigating passport fraud held within scope of employment).

Here, Plaintiff contacted Prishker in his official capacity as a CBP agent while he was on duty.  She contacted him with a work-related inquiry about medical transport for an immigration detainee.  Plaintiff alleges that Prishker abused his position as an armed CBP agent when he falsely imprisoned and sexually harassed her.  Accordingly, Plaintiff has alleged sufficient facts to show that Prishker acted within the scope of his employment.

/ / / / /

---

[4]  Ninth Circuit opinions analyzing state law issues are binding on federal district courts unless overturned by *en banc* panels, the United States Supreme Court, or the State Supreme Court.  *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1122 n.3 (9th Cir. 2003).

## C. CONCLUSION

For the foregoing reasons, the Government's motion is denied.

**IT IS SO ORDERED.**

Dated: August 18, 2025

_____
Hon. M. James Lorenz
United States District Judge