UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KAREN PARKER, an individual,

Plaintiff,

v.

JUAN PRISHKER, an individual; and
UNITED STATES OF AMERICA,

Defendants.

Case No.:  3:24-cv-2138-L-MSB

**ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND**

[ECF No. 31]

Pending before the Court is Plaintiff's motion for leave to file a first amended complaint.  (ECF No. 31.)  Defendant United States of America (the "Government") opposed (ECF No. 34), and Plaintiff replied (ECF No. 35).  The Court decides the matter on the papers submitted without oral argument.  *See* Civ. LR 7.1(d.1).  For the reasons set forth below, Plaintiff's motion is granted.

Plaintiff is a retired social worker who volunteered to ensure timely delivery of medical care to immigrants in the custody of the United States Customs and Border Protection Agency ("CBP") at the U.S.-Mexico border.  (*See* ECF No. 1, "Compl.")  In this regard, she frequently worked with CBP agents.

/ / / / /

1

At the relevant time, Plaintiff was volunteering at a CBP open-air detention center and sought to contact a CBP agent to facilitate medical transport for a detainee. She drove to an area where agents were often found. There she encountered agent Juan Prishker alone in his truck and parked beside him. Plaintiff and Prishker stood between their vehicles when Plaintiff asked Prishker about detainee medical transport. Instead of responding to her inquiry, Prishker blocked Plaintiff from her car, showed her photos of his penis, and asked Plaintiff what she thought about them. When Plaintiff tried to retreat to her car, Prishker again blocked her way.

In October 2024, Prishker was charged in State court with felony sexual battery and false imprisonment, and with misdemeanor distribution of obscene material. Plaintiff was one of the victims in the criminal complaint.

In this action, Plaintiff seeks damages based on allegations of intentional infliction of emotional distress, negligence, and false imprisonment under the Federal Torts Claim Act ("FTCA"). With the pending motion, she requests leave to amend under Federal Rule of Civil Procedure 15(a)(2)[1] to add Doe defendants to her negligence claim based on facts discovered in the criminal case. She also requests leave to add State statutory claims alleging gender violence and Bane Act violations. The Government opposes Plaintiff's motion.

Rule 15 provides that "leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).[2] Specifically,

---

[1] All future references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[2] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

2

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Not all of the factors merit equal weight. [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital,* 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

Citing solely its "interest in the expeditious resolution of this case" (ECF No. 34, "Opp'n" at 7), the Government claims, without elaborating, that it would be unduly prejudiced by delay.  The Government "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

This case is in its early stages and well before the close of discovery.  (*See* ECF No. 42, Order Granting Joint Motion to Modify Scheduling Order.)  The mere addition of parties and causes of action does not constitute undue prejudice sufficient to deny amendment.  *DCD Programs,* 833 F.2d at 186.  Accordingly, the Government has not made an adequate showing of undue prejudice to deny Plaintiff's motion.

The Government next claims that Plaintiff's proposed amendment would be futile. "[L]eave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R, Co.,* 881 F.3d 1122, 1134 (9th Cir. 2018).  A proposed amendment is not futile if it is likely to survive a Rule 12(b)(6) motion to dismiss.  *See Sonoma County Assoc. of Retired Employees v. Sonoma County,* 708 F.3d 1109, 1118 (9th Cir. 2013); *see also Krainski v. Nevada*. 616 F.3d 963, 972 (9th Cir. 2010) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).)

3:24-cv-2138-L-MSB

The Government advances several futility arguments.  First, it maintains that Plaintiff's proposed addition of two new causes of action is futile as time barred because they were not timely exhausted.  Before a plaintiff can file an FTCA action, she must exhaust administrative remedies.  28 U.S.C. § 2675(a).  The administrative claim must be presented to the Government "within two years after such claim accrues[.]"  28 U.S.C. § 2401(b).  The events underlying Plaintiff's claims, including the claims she proposes to add, took place in December 2023.  (Compl. at 2, 4.)  As this was more than two years before Plaintiff filed her pending motion, the Government argues she can no longer administratively exhaust her proposed new claims.

However, the FTCA exhaustion requirement "is minimal[.]" *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002).  To meet the requirement, a plaintiff "need only file a brief notice or statement … containing a general description of the time, place, cause and general nature of the injury and the amount of compensation demanded." *Id.*; *see also Avery v. United States*, 680 F.2d 608, 610 (9th Cir.1982) ("[A] skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices[.]").  "[A]dministrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court." *Goodman*, 298 F.3d at 1055.

The causes of action Plaintiff proposes to add are based on the same incident as her initial complaint.  As the Government does not dispute that Plaintiff's initial complaint was properly exhausted, Plaintiff's proposed amended complaint is properly exhausted as well.

Second, the Government claims that to the extent Plaintiff's newly proposed claims are based on failure to properly supervise Prishker, the claims are barred by the discretionary function exception to the FTCA.  In this regard, the FTCA provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—

3:24-cv-2138-L-MSB

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

Although "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield," *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000), a federal statute, regulation, or policy curtailing the Government's substantive discretion may preclude application of the discretionary function exception, *Miller v. United States*, 992 F.3d 878, 886 (9th Cir. 2021).  Plaintiff cites federal regulations that require CBP employees to immediately report any sexual abuse against detainees, even if only suspected.  *See* 6 C.F.R. § 115.161.

Plaintiff alleges that Prishker had engaged in sexual misconduct long before her encounter with him.  (*See* Compl. ¶ 35; *see also* ECF No. 31-2, Proposed First Am. Compl. ¶¶ 39-43.)  Her theory of supervisory liability is that, had the Government complied with its mandatory statutory duty to timely report and investigate Prishker, Plaintiff would not have suffered the harm alleged in this action.

Because the Government raises the discretionary function exception in its opposition to Plaintiff's motion for leave to amend, the Government has no opportunity to respond to Plaintiff's argument.  Discretionary function exception is therefore more appropriately raised on a motion to dismiss.  On the present record, the Government's argument is insufficient to bar Plaintiff from amending her complaint.  "[T]he sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

3:24-cv-2138-L-MSB

Third, the Government argues that Plaintiff's proposed claim alleging gender violence in violation of California Civil Code section 52.4 is futile because the statute precludes vicarious liability. Specifically, the statute provides that

> Notwithstanding any other laws that may establish the liability of an employer for the acts of an employee, this section does not establish any civil liability of a person because of his or her status as an employer, unless the employer personally committed an act of gender violence.

*Id.* § 52.4(e).

On its face, subsection (e) states that the statute "does not establish" employer's vicarious liability. Plaintiff counters that she does not rely on Section 52.4 to establish vicarious liability. Instead, she relies on the FTCA, 28 U.S.C. § 2674, which provides that "[t]he United States shall be liable … in the same manner and to the same extent as a private individual under like circumstances[.]" The "private individual" in this instance is Prishker rather than a private employer.

Because the Government raises the vicarious liability issue in its opposition to Plaintiff's motion for leave to amend and therefore has no opportunity to respond to Plaintiff's argument, the issue is more appropriately addressed on a motion to dismiss. On the present record, the Government's argument is insufficient to bar Plaintiff from amending her complaint.

The Government also maintains that the proposed amendment is futile because Prishker did not act within the scope of his employment. (Opp'n at 3.) The sufficiency of Plaintiff's allegations to this effect was addressed in the Order Denying the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 20, "Order"). These allegations are not contradicted by the proposed amendment. (*See* Proposed First Am. Compl.) The Government's argument is therefore rejected for the reasons stated in the Order.

/ / / / /

3:24-cv-2138-L-MSB

Finally, the Government maintains that Plaintiff's motion should be denied for lack of good cause.  Where, as here, the motion is timely filed,[3] good cause is not the applicable legal standard.  *Cf.* Fed. R. Civ. Proc. 15(a)(2) ("The court should freely grant leave when justice so requires.") *with* Fed. R. Civ. Proc. 16(b)(4) (A scheduling order "may be modified only for good cause and with the judge's consent.").

Based on the foregoing, the Government has not made a strong showing on any of the *Foman* factors.  *See Eminence Capital,* 316 F.3d at 1052.  Accordingly, Plaintiff's motion for leave to amend is granted.  It is hereby ORDERED as follows:

1.	No later than May 14, 2026, Plaintiff shall file and serve her proposed first amended complaint (ECF No. 31-3).

2.	The Clerk shall docket the first amended complaint *nunc pro tunc* to December 24, 2025.

3.	Any response to the first amended complaint shall be filed and served as provided in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated:  May 11, 2026

_____
Hon. M. James Lorenz
United States District Judge

---

[3]	Plaintiff's motion for leave to amend was filed before the filing deadline for motions to join parties or amend the complaint.  (*See* ECF No. 30, Scheduling Order Regarding Discovery and Other Pre-Trial Proceedings ¶ 3.)

3:24-cv-2138-L-MSB