EUGENE G. IREDALE: SBN 75292
email: egiredale@iredalelaw.com
JULIA YOO: SBN 231163
email: jyoo@iredalelaw.com
SARAH MUSUMECI: SBN 328306
email: smusumeci@iredalelaw.com
**IREDALE & YOO, APC**
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

**Attorneys for Plaintiff Karen Parker**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN PARKER,<br><br>          Plaintiff,<br><br>v.<br><br>JUAN PRISHKER; UNITED STATES OF AMERICA,<br><br>          Defendants. | CASE NO. 24-cv-2138-TWR-MSB<br><br>**PLAINTIFF KAREN PARKER'S UNOPPOSED *EX PARTE* MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Hon. Michael S. Berg |

Plaintiff Karen Parker submits this unopposed *ex parte* motion to amend the date by which Plaintiff may seek leave to amend the complaint. Defendants do not object to Plaintiff's request to amend the Scheduling Order for this purpose. Accordingly, Plaintiff respectfully requests that the Court issue an order permitting Plaintiff to file a motion to amend the complaint within 7 days of the date of the order. Good cause exists for the amendment based on the following:

## I.    SUMMARY OF PERTINENT EVENTS

Plaintiff Karen Parker brings this action under the Federal Tort Claims Act seeking damages for intentional infliction of emotional distress, negligence, false imprisonment, gender violence and a violation of the Bane Act arising from an encounter with Defendant Border Patrol Agent Juan Prishker that occurred on December 26, 2023. There, while acting within the scope of his employment as a Border Patrol agent, Prishker falsely imprisoned Plaintiff and forced her to look at sexually explicit images of his genitals.

Plaintiff filed her Complaint on November 14, 2024. (ECF No. 1.) Defendant Prishker answered on February 25, 2025. (ECF No. 13.) Defendant United States of America filed a motion to dismiss on March 14, 2025. (ECF No. 14.) The Court denied the United States' motion on August 18, 2025. (ECF No. 20.) The ENE took place on November 24, 2025. (ECF No. 29.) Thereafter, the Court issued its Scheduling Order. (ECF No. 30.) The Court set January 8, 2026 as the last day to amend the Complaint. (*Id.*) On December 24, 2025, Plaintiff filed a motion for leave to amend the complaint *nunc pro tunc*. (ECF No. 31.) The motion sought to add two categories of Doe Defendants: (1) CBP employees who knew of Prishker's history but failed to report it as required; and (2) CBP officials and supervisors who, despite their knowledge of this pattern of conduct, failed to adequately supervise Prishker and intervene to stop his behavior. (See generally, ECF No. 31-1.) Plaintiff further moved to add causes of action for gender violence (Cal. Civ. Code § 52.4) and violation of the Bane Act (Cal. Civ. Code §

PLAINTIFF'S UNOPPOSED *EX PARTE* MOTION TO AMEND THE SCHEDULING ORDER

52.1) against Prishker and the United States. (*Id*.) The United States opposed the motion. (ECF No. 34.)

On May 11, 2026, the Court granted Plaintiff's motion for leave to amend, *nunc pro tunc* to December 24, 2025. (ECF No. 45.) Plaintiff filed her First Amended Complaint on May 12, 2026, naming Doe Defendants 1-15 for the first time. (ECF No. 46.) Just three days later, on May 15, 2026, Plaintiff propounded her second set of interrogatories on the United States to identify the Doe Defendants. (See Declaration of Eugene Iredale ("Iredale Decl."), filed concurrently herewith, at ¶¶ 2-3.)

Prishker answered the First Amended Complaint on May 27, 2026. (ECF No. 49.) Due to unforeseen changes in counsel for the government, the United States moved for an extension of time to answer the First Amended Complaint. (See generally ECF No. 52.) The Court granted the government's motion (ECF No. 53) and the United States filed its answer to the First Amended Complaint on June 22, 2026. (ECF No. 54.)

On July 1, 2026, in response to Plaintiff's second set of interrogatories, the United States identified the three officials responsible for ensuring compliance with the Prison Rape Elimination Act (PREA) standards and regulations for the Boulevard Border Patrol Station during the period of January 1, 2022 through June 1, 2024. (Iredale Decl. at ¶¶ 3-4.)

Plaintiff will now seek leave to amend the complaint to name these defendants, who were previously identified as Doe Defendants, on the basis that they failed to supervise Prishker adequately, and failed to intervene, halt or report Prishker's conduct towards other victims who suffered Prishker's assaults, threats, insults and misconduct before Prishker's conduct towards Plaintiff Karen Parker, and failed to initiate an administrative investigation of his sexual abuse of two Mexican female detainees a year prior to the event with Plaintiff. (*Id*. at ¶ 5.) This requires an amendment of the operative Scheduling Order. (*Id*.)

PLAINTIFF'S UNOPPOSED *EX PARTE* MOTION TO AMEND THE SCHEDULING ORDER

On July 31, 2026, the undersigned counsel met and conferred with counsel for the United States, Mr. Shital Thakkar, on the substance of Plaintiff's request. (*Id.* at ¶ 6.) Mr. Thakkar does not object to this motion. (*Id.*) Counsel for Mr. Prishker, Mr. Dick Semerdjian, does not object to this motion. (*Id.*)

## II.   ARGUMENT

### A. Good Cause Exists for the Amendment and Plaintiff Has Been Diligent.

Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnso v. Mammoth Recreations, Inc*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]o demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order ...; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference ...; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 606, 608 (E.D. Cal 1999).

Plaintiff satisfies each of these requirements. First, Plaintiff was diligent in assisting the Court in creating a workable scheduling order. Plaintiff participated in the ENE on November 11, 2025 and did not object or delay the Court's subsequent Scheduling Order, which set January 8, 2026 as the deadline to amend the Complaint. In fact, well before that deadline lapsed, Plaintiff moved for leave to amend. On December 24, 2025, Plaintiff filed a motion seeking to add Doe Defendants based on the information available to her at the time.

PLAINTIFF'S UNOPPOSED *EX PARTE* MOTION TO AMEND THE SCHEDULING ORDER

Second, Plaintiff's inability to timely name the three PREA compliance officials at issue here was due to the fact that this information was not in Plaintiff's possession until well after the amendment deadline had passed. The Boulevard Border Patrol Station officials responsible for PREA compliance were not identified until July 1, 2026 — nearly six months after the January 8, 2026 deadline — when the government responded to Plaintiff's second set of interrogatories identifying these individuals by name. This information was uniquely within the possession, custody, and control of the United States, and Plaintiff had no independent means of ascertaining which three individuals bore responsibility for PREA compliance at the Boulevard Station during the relevant period absent the United States' disclosure.

The procedural posture of the case also explains the timing of this discovery. The Doe Defendant categories that were the subject of Plaintiff's second set of interrogatories, the CBP employees and supervisors who knew of Prishker's history and failed to report or intervene, became part of the operative pleading only after the Court granted Plaintiff's motion for leave to amend on May 11, 2026. Plaintiff filed her First Amended Complaint naming Doe Defendants on May 12, 2026, and served her second set of interrogatories just three days later, on May 15, 2026, specifically to identify those Doe Defendants. This discovery followed directly on the heels of the First Amended Complaint being filed, once the relevant claims and Doe Defendant categories were part of the operative complaint.

Third, Plaintiff acted diligently in seeking amendment once this information became available. Having propounded her interrogatories on May 15, 2026, and having received the United States' response identifying the three responsible officials on July 1, 2026, Plaintiff brings this motion promptly to amend the scheduling order so that she may timely move to name these previously unidentified Doe Defendants now that their identities are known.

PLAINTIFF'S UNOPPOSED *EX PARTE* MOTION TO AMEND THE SCHEDULING ORDER

Because Plaintiff has satisfied each element of the diligence inquiry under Rule 16(b), good cause exists to modify the Scheduling Order to permit the amendment. Plaintiff respectfully requests that the Court grant Plaintiff one week to move to file the Second Amended Complaint after the order is issued. Defendants do not object to the extension of time to allow a motion for leave to file an amended complaint.

### III.    CONCLUSION

Based on the foregoing, Plaintiff Karen Parker respectfully requests that the Court amend the Scheduling Order to permit Plaintiff to file a motion to amend the complaint within seven days of entry of the order.

Respectfully submitted,

**IREDALE & YOO, APC**

Dated:  August 13, 2026          *s/ Eugene Iredale*
                                   EUGENE IREDALE
                                   JULIA YOO
                                   SARAH MUSUMECI
                                   Attorneys for Plaintiff

PLAINTIFF'S UNOPPOSED *EX PARTE* MOTION TO AMEND THE SCHEDULING ORDER