ADAM GORDON
United States Attorney
STEPHEN H. WONG
Assistant U.S. Attorney
California Bar No. 212485
SHITAL H. THAKKAR
Assistant U.S. Attorney
Illinois Bar No. 6273151
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8785
Fax: 619-546-7751
Email: shital.thakkar@usdoj.gov

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| KAREN PARKER,<br><br>              Plaintiff,<br><br>     v.<br><br>JUAN PRISHKER, UNITED STATES OF AMERICA, and DOES 1-15,<br><br>              Defendant. | Case No.  24-cv-02138-TWR-MSB<br><br>**JOINT MOTION TO:**<br><br>1. **EXTEND FACT DISCOVERY FOR A LIMITED PURPOSE; and**<br><br>2. **EXTEND REMAINING DEADLINES** |
| --- | --- |

Defendant United States of America and Plaintiff KAREN PARKER, through counsel of record, jointly move to extend the following deadlines by approximately 30 days:

- Fact discovery deadline for a limited purpose from August 31, 2026, up to (and including) September 30, 2026;
- Expert disclosures deadline from September 9, 2026, up to (and including) October 9, 2026;
- Rebuttal expert disclosures deadline from September 23, 2026, up to (and including) October 23, 2026; and,
- Expert discovery deadline from October 7, 2026, up to (and including) November 6, 2026.

In support thereof, the Parties state as follows:

1.      Plaintiff brings this action seeking damages under the Federal Tort Claims Act concerning an incident that allegedly occurred on or about December 26, 2023. ECF No. 46 at 2 (Plaintiff's First Amended Complaint, hereinafter Plaintiff's "Amended Complaint").

2.      Plaintiff filed her original complaint on November 14, 2024 (hereinafter Plaintiff's "Complaint"). ECF No. 1. The United States filed its answer to Plaintiff's Complaint on February 25, 2025. ECF No. 13. On May 12, 2026, Plaintiff filed her First Amended Complaint. ECF No. 46. On June 22, 2026, the United States filed its answer to the Plaintiff's amended Complaint. ECF No. 54.

3.      On April 7, 2026 (ECF No. 42) and May 11, 2026 (ECF No. 44), the Court modified the deadlines based on the parties' joint motions to extend for the purpose of "complet[ing] limited fact discovery relating to Plaintiff's psychological condition." *See* ECF No. 41. Part of the good cause presented in the joint motions was to obtain Plaintiff's medical records, which she has since provided to the United States. Plaintiff has also agreed to participate in an Independent Psychiatric Examination ("IPE") with the United States' expert, a clinical psychologist. The psychologist has reviewed the

records obtained from Plaintiff.

4.    On June 24, 2026, the parties filed another joint motion to extend the fact discovery deadline for the limited purpose of completing the deposition of the Plaintiff, following the IPE, because more time was needed for scheduling. ECF No. 55. The Court granted that request on June 25, 2026. ECF No. 56. The Court also ordered that the remaining deadlines be modified as well, based on another joint motion of the parties. ECF No. 59.

5.    On or about May 29, 2026, after the United States obtained Plaintiff's first set of medical records, the United States learned of additional medical records relating to Plaintiff's psychological treatment history held by her treatment provider that are not in the parties' possession. The psychologist who will be performing Plaintiff's IPE agrees that reviewing those records prior to the IPE would be necessary to allow her to make a more complete and accurate assessment of Plaintiff through the IPE.

6.    The United States has been diligently trying to obtain the records from the treatment provider. However, the provider rejected the United States' initial subpoena, explaining that because they are in Indian Country it could not accept the United States' standard HIPAA release form, which was executed by Plaintiff. The provider provided a different form that it preferred, which Plaintiff executed and returned. However, that form was rejected again because of a concern about the clarity in the executed copy transmitted by Plaintiff to the provider. Plaintiff has tried to address this issue with the provider but has been unsuccessful in obtaining the records. This process has been prolonged by a recent medical issue affecting the Plaintiff that has left her unable to address this issue further until on or about August 17, 2026. The parties agree that this information is discoverable, and the parties have been working together in good faith to resolve this issue. The parties hope to secure the release of the records during the week of August 17, 2026. The parties intend to schedule and complete that deposition as soon as possible after the records are obtained and reviewed by the United States' psychologist.

7. Accordingly, the parties are requesting that the Court extend the current deadlines[1] to allow flexibility in rescheduling the IPE, the completion of the Plaintiff's deposition, and for the completion of expert disclosures and corresponding discovery. No other fact discovery remains outstanding beyond the Plaintiff's deposition.

For all the foregoing reasons, the parties respectfully request that the Court enter an order extending the following deadlines by approximately 30 days:

- Fact discovery deadline for a limited purpose from August 31, 2026, up to (and including) September 30, 2026;

- Expert disclosures deadline from September 9, 2026, up to (and including) October 9, 2026;

- Rebuttal expert disclosures deadline from September 23, 2026, up to (and including) October 23, 2026; and,

- Expert discovery deadline from October 7, 2026, up to (and including) November 6, 2026.

DATED:  August 13, 2026

Respectfully submitted,
ADAM GORDON
United States Attorney
 *s/ Shital H. Thakkar*
Assistant United States Attorney
Attorney for the United States

DATED:  August 13, 2026

Eugene G. Iredale
Sarah Musumeci
Iredale & Yoo, APC
*s/ Sarah Musumeci*
Attorney for Plaintiff

---

[1] This motion does not request, nor do the parties require that the expert designation, or rebuttal expert witness designation deadline be modified. The parties exchanged expert designations on August 5, 2026, and anticipate making rebuttal expert witness designations by August 19, 2026, which are the deadlines currently set by the Court.

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I hereby certify that the content of this document is acceptable to Plaintiff's counsel, and that I have obtained authorization to affix his electronic signature to this document.

DATED:  August 13, 2026

*s/ Shital H. Thakkar*
Assistant United States Attorney