EUGENE G. IREDALE: SBN 75292
email: egiredale@iredalelaw.com
JULIA YOO: SBN 231163
email: jyoo@iredalelaw.com
SARAH MUSUMECI: SBN 328306
email: smusumeci@iredalelaw.com
**IREDALE & YOO, APC**
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

**Attorneys for Plaintiff Karen Parker**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN PARKER,<br><br>Plaintiff,<br><br>v.<br><br>JUAN PRISHKER; UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. 24-cv-2138-TWR-MSB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hon. Todd W. Robinson<br>Date: October 1, 2026<br>Time: 1:30 p.m. |

Plaintiff Karen Parker moves the Court for leave to file a Second Amended Complaint identifying Doe Defendants whose conduct forms the basis for the allegations against the United States.

## I. SUMMARY OF PERTINENT EVENTS

Plaintiff Karen Parker brings this action under the Federal Tort Claims Act seeking damages for intentional infliction of emotional distress, negligence, false imprisonment, gender violence and a violation of the Bane Act arising from an encounter with Defendant Border Patrol Agent Juan Prishker that occurred on December 26, 2023. There, while acting within the scope of his employment as a Border Patrol agent, Prishker falsely imprisoned Plaintiff and forced her to look at sexually explicit images of his genitals.

Plaintiff filed her Complaint on November 14, 2024. (ECF No. 1.) Defendant Prishker answered on February 25, 2025. (ECF No. 13.) Defendant United States of America filed a motion to dismiss on March 14, 2025. (ECF No. 14.) The Court denied the United States' motion on August 18, 2025. (ECF No. 20.) The ENE took place on November 24, 2025. (ECF No. 29.) Thereafter, the Court issued its Scheduling Order. (ECF No. 30.) The Court set January 8, 2026 as the last day to amend the Complaint. (*Id.*) On December 24, 2025, Plaintiff filed a motion for leave to amend the complaint *nunc pro tunc*. (ECF No. 31.) The motion sought to add two categories of Doe Defendants: (1) CBP employees who knew of Prishker's history but failed to report it as required; and (2) CBP officials and supervisors who, despite their knowledge of this pattern of conduct, failed to adequately supervise Prishker and intervene to stop his behavior. (See generally, ECF No. 31-1.) Plaintiff further moved to add causes of action for gender violence (Cal. Civ. Code § 52.4) and violation of the Bane Act (Cal. Civ. Code § 52.1) against Prishker and the United States. (*Id.*) The United States opposed the motion. (ECF No. 34.)

On May 11, 2026, the Court granted Plaintiff's motion for leave to amend, *nunc pro tunc* to December 24, 2025. (ECF No. 45.) Plaintiff filed her First Amended Complaint on May 12, 2026, naming Doe Defendants 1-15 for the first time. (ECF No. 46.) Just three days later, on May 15, 2026, Plaintiff propounded her second set of interrogatories on the United States to identify the Doe Defendants. (See Declaration of Eugene Iredale ("Iredale Decl."), filed concurrently herewith at ¶¶ 2-3.)

Prishker answered the First Amended Complaint on May 27, 2026. (ECF No. 49.) Due to unforeseen changes in counsel for the government, the United States moved for an extension of time to answer the First Amended Complaint. (See generally ECF No. 52.) The Court granted the government's motion (ECF No. 53) and the United States filed its answer to the First Amended Complaint on June 22, 2026. (ECF No. 54.)

On July 1, 2026, in response to Plaintiff's second set of interrogatories, the United States identified the three officials responsible for ensuring compliance with the Prison Rape Elimination Act (PREA) standards and regulations for the Boulevard Border Patrol Station during the period of January 1, 2022 through June 1, 2024. (Iredale Decl. at ¶¶ 3-4.)

On August 13, 2026, the Magistrate Judge granted Plaintiff's unopposed *ex parte* motion to amend the date by which Plaintiff must move to the amend the complaint. (ECF No. 61). The new deadline is August 20, 2026. (*Id*.)

Plaintiff now moves to amend the complaint to identify the aforementioned government officials whose conduct, along with Prishker's, serves as the basis of the government's FTCA liability. They were previously identified as Doe Defendants, on the basis that they failed to supervise Prishker adequately, and failed to intervene, halt or report Prishker's conduct towards other victims who suffered Prishker's assaults, threats, insults and misconduct before Prishker's conduct towards Plaintiff Karen Parker, and failed to initiate an administrative

investigation of his sexual abuse of two Mexican female detainees a year before to the event with Plaintiff. (Iredale Decl. at ¶ 5.)

Plaintiff met and conferred with counsel for the United States, Mr. Shital Thakkar and counsel for Prishker, Mr. Dick Semerdjian, regarding the substance of this motion. (*Id*. at ¶ 5.) Mr. Thakkar and Mr. Semerjian indicated that they had no objection to the timeliness of the proposed amended complaint. The government stated that it intended to object to the proposed amended complaint on the grounds of futility, i.e. the new allegations fail to allege an FTCA violation based on its conception *inter alia*, of the Discretion Function Exception ("DFE") to the FTCA.

## II. ARGUMENT

### A. Leave to Amend Should Be Freely Granted.

Federal Rule of Civil Procedure 15 generally mandates that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under that standard, leave to amend should be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Because of the strong federal policy favoring resolution of cases on their merits, leave to amend should be freely granted unless the opposing party can make a showing of unfair prejudice or bad faith on the part of the moving party." *Grier v. Brown*, 230 F. Supp. 2d 1108, 1111 (N.D. Cal. 2002).

In evaluating a motion for leave to file an amended complaint under Rule 15(a), three factors guide the court's determination: whether permitting amendment would (1) prejudice the opposing party; (2) produce an undue delay in the litigation; or (3) "result in futility for lack of merit." *Jackson v. Bank of*

*Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).

"Prejudice" for purposes of Rule 15 has been found in the following circumstances: (1) where an amendment to a complaint would necessitate reopening discovery and therefore delay trial court proceedings, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); (2) where the parties have already engaged in "voluminous and protracted discovery[,]" discovery was complete, and trial was only two months away, *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *abrogated on other grounds*, ("[e]xpense, delay, and wear and tear on individuals and companies count toward prejudice."); (3) where newly raised claims that advance "different legal theories and require proof of different facts" which would then force additional burdensome discovery, *Jackson*, 902 F.2d at 1387-88; or (4) where newly raised claims may impact ancillary litigation in separate, but related cases, *see id*.

None of these circumstances is present here. First, this case is not in the posture of *Kaplan,* where discovery was complete and trial was imminent. The current discovery cut off is September 30, 2026 (ECF No. 63), and in any event, no further discovery is needed as to the conduct of these individuals. Their identities have now been disclosed, and the remaining facts necessary to support Plaintiff's claims against them are already contained within documents previously produced in this litigation. No trial date has been set in this matter, and the final pretrial conference is not scheduled until January 25, 2027, more than five months away. Permitting this amendment will not require extending the current discovery deadline, nor will it require modifying any other deadline in the Scheduling Order. There is no risk of disrupting the case schedule, and no "voluminous and protracted discovery" would result from permitting this amendment.

Second, the proposed amendment does not introduce new or different legal theories requiring proof of different facts. Plaintiff is not adding new claims or

new theories of liability; she seeks only to substitute the true names of three individuals for Doe Defendants already identified in the First Amended Complaint under the same failure-to-train and supervise, failure-to-report, and failure-to-intervene theories that the Court has already permitted Plaintiff to pursue in granting her prior motion to amend. The United States is liable for their conduct. The United States and Prishker have been on notice of these theories since at least May 12, 2026, when the First Amended Complaint was filed naming Doe Defendants 1-15 on precisely this basis. Substituting the government officials for previously identified Doe Defendants does not expand the scope of discovery in any way that could not have been anticipated; it simply allows Plaintiff to prosecute claims already at issue based on the conduct of the individuals actually responsible.

Third, there is no undue delay. Plaintiff brings this motion within weeks of receiving the United States' July 1, 2026 interrogatory responses identifying the three PREA compliance officials.

**B. The Proposed Amendment is Not Futile.**

The proposed amendment is not futile. Plaintiff only became aware of the names of the government officials responsible for investigating PREA violations, due to discovery received from the United States. Plaintiff did not have access to these individuals' identities without this discovery. Because the First Amended Complaint identifying the Doe Defendants was filed *nunc pro tunc* to December 24, 2025, within the two-year statute of limitations, and because the proposed Second Amended Complaint arises from the same facts and only seeks to identify government officials previously identified as Does, the proposed Second Amended Complaint relates back under Fed. R. Civ. P. 15.

Because none of the recognized bases for denying leave to amend applies here, and because Rule 15's liberal standard favors resolution of this case on the merits, Plaintiff's motion for leave to amend should be granted.

The United States has no objection on the grounds of diligence or timeliness to this motion, but oppose the amendment on substantive grounds that the amendments fail to allege a cause of action.

/ / /

## III. CONCLUSION

Based on the foregoing, Plaintiff Karen Parker respectfully requests leave of Court to file a Second Amended Complaint. A clean version of Plaintiff's proposed Second Amended Complaint is attached hereto as **Exhibit 1**. A redlined version of Plaintiff's proposed Second Amended Complaint is attached hereto as **Exhibit 2**.

Respectfully submitted,

**IREDALE & YOO, APC**

Dated: August 20, 2026

*s/ Eugene Iredale*
EUGENE IREDALE
JULIA YOO
SARAH MUSUMECI
Attorneys for Plaintiff