EUGENE G. IREDALE: SBN 75292
egiredale@iredalelaw.com
PETER BIBRING: SBN 223981
pbibring@iredalelaw.com
SARAH MUSUMECI: SBN 328306
smusumeci@iredalelaw.com
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN PARKER,<br><br>Plaintiff,<br><br>v.<br><br>JUAN PRISHKER; UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. 24-CV2138-TWR-MSB<br><br>PLAINTIFF'S REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Hon. Todd W. Robinson<br>Date: October 1, 2026<br>Time: 1:30 p.m. |

IREDALE AND YOO, APC

IREDALE AND YOO, APC

## INTRODUCTION

The United States has filed a "partial" opposition to Plaintiff's motion for leave to file a second amended complaint. It agrees that the identification of the three government officials whose names were not timely disclosed by the United States in discovery may be included in the amended complaint. Their inclusion is to provide notice that their conduct, as well as that of Border Patrol Agent Prishker, is the basis for Plaintiff's assertion of FTCA liability of the United States. The United States objects to clarifying and supporting details; objects to reference to the C.F.R Regulations, even though they establish the mandatory standards for the officials' conduct; and objects to the complaint stating the names of Prishker's previous victims instead of referring to them as Jane Does. The United States' "partial objections" are not well taken.

## THE SECOND AMENDED COMPLAINT REITERATES THE BASIC ALLEGATIONS OF THE FIRST AMENDED COMPLAINT WITH GREATER PRECISION AND SPECIFICITY

On May 12, 2026, Plaintiff filed her first amended complaint (ECF Doc. 46). It alleged five causes of action:

1. Intentional infliction of emotional distress;
2. Negligence;
3. False imprisonment;
4. Gender violence (Ca. Civ. Code § 52.4) and
5. Violation of the Bane Act (Ca. Civ. Code § 52.1). (*Id.*)

All five claims were based on the Federal Tort Claims Act. The complaint described the conduct of Juan Prishker, a Border Patrol Agent, who accosted Plaintiff in a dark and isolated area near the border, blocked her exit and showed her photos of his penis. Prishker's known conduct included sexual touching of the breasts of two Mexican detainees, and his later conduct involved a YouTube video in which he exposed himself to several "YouTubers" while in his uniform. The first complaint alleged, *inter alia*:

"49. Federal regulations and mandatory CBP policy mandate that sexual harassment, including Prishker's conduct, and sexual assaults, are strictly prohibited. Moreover, federal law requires any member of Customs and Border Protection ("CBP") having knowledge of such conduct by CBP employees to report that conduct to CBP authorities for investigation and appropriate discipline. The requirements of CBP's "zero tolerance" policy mandates an investigation of such allegations. The regulations impose on supervisors the obligation to prevent conduct such as Prishker's, to supervise subordinates to ensure compliance, to investigate violations, and to report proscribed conduct.

50. Supervisors with knowledge of such misconduct are required to report it for investigation and to stop it. Under the CBP policy, agency personnel are required to 'immediately report any knowledge, suspicions or information regarding an incident of sexual abuse, or any employee misconduct or neglect that may have contributed to any incident of sexual abuse, assault or retaliation.' These obligations are **mandatory**, not discretionary. CBP states, '**All** sexual abuse and assault allegations shall be considered significant incidents. All allegations of sexual abuse and assault as defined in the Standards must immediately be reported to the Commissioner's situation room and the Joint Intake Center." (*Id.* at pp. 10-11)

The First Amended Complaint further alleged:

"60. The law imposes a duty upon CBP personnel to comply with their obligations of preventing sexual abuse, supervising subordinates to ensure proper conduct, and promptly reporting sexual harassment and abuse. The duty is for the protection of actual and potential victims, such as Karen Parker.

61. Does 1-7 are Border Patrol employees who had knowledge of Prishker's overt and notorious abusive conduct and who failed to intervene to stop it, and failed to report it for prompt remedial action and investigation.

62. Does 8-15 are Border Patrol officials and supervisors who failed to supervise Prishker adequately, and failed to intervene, halt or report Prishker's conduct towards other victims who suffered Prishker's assaults, threats, insults and misconduct before Prishker's conduct towards Plaintiff Karen Parker.

> 63. Had Does 1-15 complied with their mandatory duty, Prishker would not have been able to commit his wrongs against Plaintiff.
>
> 64. Does 1-15 breached their mandatory duty. Their conduct was in the course and scope of their federal employment." (*Id.* p. 11)

Three days after the First Amended Complaint was filed, Plaintiff propounded interrogatories seeking "the name of the official or officials responsible for insuring compliance with the Prison Rape Elimination Act (PREA) standards and regulations at the Boulevard Border Patrol Station during the period of January 1, 2022 through June 1, 2024." The United States responded (albeit late) with the names of three employees: Michael Cappara, Nawar Shora, and Rosemary Galvan.

The second amended complaint adds no new causes of action. The complaint does elaborate on certain facts specifically alleging that Cappara, Shora, and Galvan were responsible for ensuring compliance with the C.F.R. standards and regulations for the Boulevard Border Patrol Station during the period of January 1, 2022 through June 1, 2024. It stated that they failed to properly supervise Prishker and failed to enforce mandatory federal regulations for CBP Compliance with PREA standards, including failing to commence an administrative investigation into Prishker's sexual abuse of the two Mexican detainees. It identified the two women, already referenced in the F.A.C., by their names.

The SAC then sets out in detail the mandatory regulations referred to in the FAC regarding required supervision reporting and investigations of sexual misconduct by CBP employees. The complaint specifies parts of 28 C.F.R.115.311, 115.315, 115.331 and 115.386. It states, consistent with the allegations of the first complaint, that Caparra, Shora, and Galvan failed to comply with mandatory duties imposed by law. Thus, the SAC does not raise new causes of action or new theories of liability. It merely adds the names of officials whose conduct is at issue, and quotes the regulations relevant to their actions.

**THE LAW SUPPORTS PLAINTIFF'S REQUEST**

The Government's "partial" objections are not well taken. Rule 15(a)(2) of the Federal Rules of Civil Procedure applies here: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In this case, the government agrees that Plaintiff is timely adding the names of the federal officials which the government produced late in discovery. No new causes of action have been added. Moreover, there is no new theory of liability alleged. The FAC alleged a violation of mandatory obligations imposed by those officials obliged to train, supervise, and investigate Prishker. The SAC alleges the same and delineates with specificity the duties and obligations as set forth in the Code of Federal Regulation. The law is clear:

> "Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.' *Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)(quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990)*) In *Foman v. Davis, 371 U.S. 178, 83 S.Ct.227, 9L.Ed.2d 222 (1962)*, the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend: 'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Eminence Capital LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051-52 (9th Cir. 2003)

In *DCD Programs Ltd v. Leighton,* 733 F.2d 183, 186 (9th Cir. 1977), the Court stated:

> "'On several occasions… the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.' *Gabrielson v. Montgomery Ward & Co.*, 785, 765 (9th Cir. 1986) (quoting *Howey v. United States*, 481 F.2d 1187 1190

> (9th Cir. 1973) (citations omitted). Thus [r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' Webb, 655 F.2d at 979 (citing *Rosenberg Brothers & Co. v. Arnnold*, 283 F.2d 406 (9th Cir. 1960)(*per curiam*))."

The first amended complaint clearly identified the FTCA liability based on the conduct of employees other than Prishker for violation of mandatory rules. The government's objection to more complete citation of those regulations in the second amended complaint is strange. The SAC delineates with specificity the provisions of the law, policy and regulation involved. Even were that language stripped from the complaint, Plaintiff would be able to cite to the very same provisions based on the first amended complaint's allegations to show the existence of mandatory duties based on regulation, policy and law. The use of specific citations does not cause the government prejudice; if anything, it gives greater detail to allow it to defend its case.

The objections to using the names of Prishker's victims instead of pseudonyms is unsupported.

The objection to the CFR Regulations are not well taken. Plaintiff cites them to show FTCA liability based on negligent failure to comply the mandatory duty of the three employees whose conduct is alleged in the second amended complaint. These allegations, such as those regarding timely reporting and investigating sexual assault, demonstrate a non-discretionary directive, as could support a finding that a failure to comply was outside the scope of the discretionary function exception to the FTCA waiver of sovereign immunity. The CFR provisions show that the failure to comply with the directive was not susceptible to policy considerations and thus falls outside the scope of the FTCA discretionary function liability. See *L.C. v. United States* 83 F 4th 534 (6th Cir. 2023) This is so because government actions are not discretionary when they are controlled by mandatory statues or regulations 83 F. 4th at 543. These allegations are needed to state the basis of liability based on the conduct of the three officials whose inclusion in the complaint the government concedes.

**CONCLUSION**



IREDALE AND YOO, APC

Plaintiff requests the Court to grant the motion for leave to file.

Respectfully submitted,

**IREDALE & YOO, APC**

Dated: September 10, 2026

s/ Eugene Iredale
Eugene G. Iredale
Attorney for Plaintiff Karen Parker