UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KAREN PARKER,
Plaintiff,

v.

JUAN PRISHKER, et al.,
Defendants.

Case No.: 24-cv-2138-TWR (MSB)

**ORDER GRANTING JOINT MOTION TO MODIFY SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**

[ECF No. 69]

Before the Court is the Parties' Sixth Joint Motion to Modify the Scheduling Order. ECF No. 69. After consulting with the attorneys of record for the Parties and being advised of the status of the case, and good cause appearing, the motion is **GRANTED**.

**IT IS HEREBY ORDERED**:

1. All fact discovery shall be completed by all Parties by **October 30, 2026**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and**

**confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without Court intervention through the meet-and-confer process. If the Parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned Magistrate Judge's Chambers Rules. **A failure to comply in this regard will result in a waiver of a Party's discovery issue. Absent an Order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2. By **October 23, 2026**, each Party shall comply with the disclosure provisions in Rules 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the Party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any Party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

3. Any Party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **November 6, 2026**.

4. All expert discovery shall be completed by all Parties by **November 20, 2026**. The Parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

5. Failure to comply with this section or any other discovery Order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions must be filed by **December 17, 2026**. Counsel for the moving Party must obtain a motion hearing date from the law clerk of the Judge who will hear the motion. The period of time between the date you request a motion date and

the hearing date may vary from one District Judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions *in limine* are to be filed as directed in the Civil Local Rules or as otherwise set by the District Judge.

7. A Mandatory Settlement Conference shall be conducted on **December 16, 2026** at **9:30 a.m.** in the chambers of the assigned Magistrate Judge. Counsel or any Party representing himself or herself shall submit confidential settlement briefs directly to chambers by **December 9, 2026**. All Parties are ordered to read and to fully comply with the Chamber Rules of the assigned Magistrate Judge.

8. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **April 22, 2027**.

9. Counsel shall comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **April 22, 2027**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

10. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **April 29, 2027**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in the simplification of triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other Party's Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the Proposed Pretrial Conference Order.

11. Counsel for Plaintiff will be responsible for preparing the Proposed Pretrial Order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **May 6, 2027**, Plaintiff's counsel must provide opposing counsel with the Proposed Pretrial Order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the Proposed Pretrial

Order, and both Parties shall attempt promptly to resolve their differences, if any, concerning the Proposed Pretrial Order.

12. The Proposed Final Pretrial Conference Order, including objections to any other Party's Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned District Judge by **May 13, 2027**, and shall be in the form prescribed by and comply with Civil Local Rule 16.1(f)(6).

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Todd W. Robinson** on **May 20, 2027** at **1:30 pm**.

14. The Parties must review the Chambers' Rules for the assigned District Judge and Magistrate Judge.

15. A post-trial settlement conference before a Magistrate Judge may be held within thirty (30) days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a District Judge. No reply memorandum shall exceed ten (10) pages without leave of a District Judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

18. Plaintiff's counsel shall serve a copy of this Order on all Parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 22, 2026

Hon. Michael S. Berg
United States Magistrate Judge