EUGENE G. IREDALE: SBN 75292
egiredale@iredalelaw.com
PETER BIBRING: SBN 223981
pbibring@iredalelaw.com
SARAH MUSUMECI: SBN 328306
smusumeci@iredalelaw.com
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN PARKER,<br><br>Plaintiff,<br><br>v.<br><br>JUAN PRISHKER; UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. 24-CV2138-TWR-MSB<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF RELATED TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hon. Todd W. Robinson |

IREDALE AND YOO, APC

## I. INTRODUCTION

Plaintiff Karen Parker responds to the Court's question about the applicability of Fed. R. Civ. P. 16(b) to her motion for leave to file a Second Amended Complaint. Because the original deadline to amend the pleadings was January 8, 2026 (ECF No. 30), Plaintiff agrees that Rule 16(b)'s good cause standard was the appropriate framework for her request to amend the complaint. For the Court's convenience, Plaintiff notes that she addressed the Rule 16(b) requirements with the assigned Magistrate Judge before filing her motion for leave to file a Second Amended Complaint. On August 13, 2026, Plaintiff filed an unopposed *ex parte* motion to amend the Scheduling Order, setting out good cause for the modification of the original deadline to amend the pleadings. (ECF No. 60.) Plaintiff filed this motion at the suggestion of counsel for the United States during the meet and confer on Plaintiff's motion to amend the complaint. Magistrate Judge Berg granted the motion the same day and set August 20, 2026 as the deadline to file a motion to amend the complaint. (ECF No. 61.) Plaintiff respectfully provides this procedural background, along with a full showing of good cause, below.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff Karen Parker brings this action under the Federal Torts Claims Act seeking damages for intentional infliction of emotional distress, negligence, false imprisonment, gender violence and violation of the Bane Act arising from an encounter with Defendant Border Patrol Agent Juan Prishker that occurred on December 26, 2023. There, while acting within the scope of his employment as a Border Patrol agent, Prishker falsely imprisoned Plaintiff and forced her to view sexually explicit images of his genitals.

Plaintiff filed her Complaint on November 14, 2024. (ECF No. 1.) The Court issued its Scheduling Order setting January 8, 2026 as the deadline to amend the pleadings. (ECF No. 30, p. 2.) On December 24, 2025, Plaintiff moved for leave to amend the complaint to add two categories of Doe Defendants: CBP employees who knew of Prishker's history but failed to report it as required, and CBP officials and

IREDALE AND YOO, APC

supervisors who failed to adequately supervise him or intervene, despite their knowledge of his pattern of conduct. (ECF No. 31-1, p. 2.) The United States opposed the motion. (ECF No. 34.)

On May 11, 2026, the Court granted Plaintiff's motion to amend *nunc pro tunc* to December 24, 2025. (ECF No. 45.) Plaintiff filed her First Amended Complaint the next day, naming Doe Defendants 1–15. (ECF No. 46.) On May 15, 2026, three days after she filed the First Amended Complaint, Plaintiff served her second set of interrogatories on the United States to identify the Doe Defendants. (See Declaration of Eugene Iredale ("Iredale Decl."), filed concurrently herewith, at ¶ 2.) Interrogatory No. 4 sought "the name of the official or officials responsible for insuring compliance with the Prison Rape Elimination Act (PREA) standards and regulations for the Boulevard Border Patrol Station during the period of January 1, 2022 through June 1, 2024." (*Id*. at ¶ 3.)

Following a change in government's counsel, the Court extended the United States' deadline to answer the First Amended Complaint. (ECF Nos. 52 and 53.) The United States answered the First Amended Complaint on June 22, 2026. (ECF No. 54.)

On July 1, 2026, the United States responded to Plaintiff's interrogatories and identified the three officials responsible for PREA compliance at the Boulevard Border Patrol Station from January 1, 2022 through June 1, 2024. (Iredale Decl. at ¶ 4.) On July 31, 2026, Plaintiff's counsel met and conferred with counsel for the United States regarding Plaintiff's motion to amend the complaint. (*Id*. at ¶ 5.) During the meet and confer, counsel for the United States suggested that Plaintiff file a motion to amend the Scheduling Order before filing a motion to amend the complaint and indicated that he would not object to such a motion. (*Id*. at ¶ 5.) Counsel for Mr. Prishker, Mr. Dick Semerdjian, did not object to the motion. (*Id*.) On August 13, 2026, Plaintiff filed an unopposed *ex parte* motion to amend the Scheduling Order, specifically requesting to amend the date by which a motion to amend the complaint must be filed. (ECF No. 60.) The Magistrate Judge granted the motion and set August

20, 2026 as the deadline to file a motion to amend the pleadings. (ECF No. 61, p. 2.) Plaintiff filed her motion for leave to file a Second Amended Complaint on August 20, 2026. (ECF No. 65.)

## III. ARGUMENT

### A. Rule 16(b) Governed Plaintiff's Request, and the Scheduling Order Was Modified Accordingly.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a party seeks leave to amend a pleading after the scheduling order's deadline for amendment, the party must show good cause under Rule 16(b) before the Court considers whether amendment is proper under Rule 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).

During the meet and confer regarding Plaintiff's intention to amend the complaint, counsel for the United States suggested that Plaintiff first file a motion to amend the Scheduling Order to amend the deadline by which a motion to amend must be filed. Plaintiff subsequently filed an unopposed *ex parte* motion with the Magistrate Judge which set out the Rule 16(b) standard and her diligence. The Magistrate Judge granted the motion and set August 20, 2026 as the deadline for any motion to amend the pleadings. Plaintiff filed her motion for leave to amend on August 20, 2026. Plaintiff respectfully submits that the Magistrate Judge's order resolves the Rule 16(b) question, but to the extent the Court wishes to consider good cause independently, Plaintiff addresses it in full below.

### B. Good Cause Exists to Amend the Scheduling Order.

Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. A movant may show diligence by demonstrating three things: (1) she was diligent in helping the Court create a workable Rule 16 order; (2) her noncompliance with a deadline occurred despite diligent efforts, because of matters that could not reasonably have been foreseen at the time of the scheduling conference; and (3) she was diligent in seeking to amend the order once it

IREDALE AND YOO, APC

became apparent she could not comply. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Plaintiff satisfies each element.

1. Plaintiff was diligent in complying with the existing Scheduling Order and could not name the PREA compliance officials before the existing deadline because their identities were unknown and solely within the government's control.

Plaintiff was diligent in complying with the original Scheduling Order. On December 24, 2025, Plaintiff filed a motion to amend the complaint naming categories of Doe Defendants, whose identities, at that time, were unknown to Plaintiff. The Doe defendant categories were the CBP employees and supervisors who knew of Prishker's history and failed to report or intervene, became part of the operative pleading only after the Court granted Plaintiff's motion for leave to amend on May 11, 2026. Plaintiff filed her First Amended Complaint naming Doe Defendants on May 12, 2026, and served her second set of interrogatories just three days later, on May 15, 2026, specifically to identify those individuals. This discovery followed directly on the heels of the First Amended Complaint being filed, once the relevant claims and additional defendant categories were part of the operative complaint.

Plaintiff's inability to timely name the three PREA compliance officials before was due to the fact that this information was not in Plaintiff's possession until well after the amendment deadline had passed. The Boulevard Border Patrol Station officials responsible for PREA compliance were not identified until July 1, 2026, nearly six months after the January 8, 2026 deadline, when the government responded to Plaintiff's second set of interrogatories identifying these individuals by name. This information was uniquely within the possession, custody, and control of the United States, and Plaintiff had no independent means of ascertaining which three individuals bore responsibility for PREA compliance at the Boulevard Station during the relevant period absent the United States' disclosure.

2. Plaintiff was diligent in seeking to amend the Scheduling Order once the officials were identified.

Plaintiff acted diligently in seeking amendment once this information became

IREDALE AND YOO, APC

available to her. Having propounded her interrogatories on May 15, 2026, and having received the United States' response identifying the three responsible officials on July 1, 2026, Plaintiff promptly met and conferred with counsel for the Defendants regarding the proposed amended complaint. At the meet and confer, counsel for the United States suggested that Plaintiff move to amend the Scheduling Order before filing a motion to amend the complaint and indicated that he would not object to the request. Plaintiff filed her unopposed *ex parte* motion to amend the Scheduling Order on August 13, 2026. The Magistrate Judge granted Plaintiff's motion the same day. Plaintiff was diligent in seeking leave to amend the Scheduling Order.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant her motion for leave to file a Second Amended Complaint.

**IREDALE & YOO, APC**

Dated: October 1, 2026

s/ Eugene Iredale
EUGENE IREDALE
Attorneys for Plaintiff Karen Parker