ADAM GORDON
United States Attorney
STEPHEN H. WONG
Assistant U.S. Attorney
California Bar No. 212485
SHITAL H. THAKKAR
Assistant U.S. Attorney
Illinois Bar No. 6273151
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8785
Fax: 619-546-7751
Email: shital.thakkar@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KAREN PARKER,

Plaintiff,

v.

JUAN PRISHKER, UNITED STATES OF AMERICA, and DOES 1-15,

Defendant.

Case No. 24-cv-02138-TWR-MSB

**UNITED STATES' SUPPLEMENTAL BRIEFING REGARDING FEDERAL RULE OF CIVIL PROCEDURE 16(b) RELATED TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

As ordered by the Court (ECF No. 71), the United States provides this supplemental briefing on whether Plaintiff has shown "good cause" under Federal Rule of Civil Procedure 16(b) to amend the Honorable Michael S. Berg's Scheduling Order (ECF No. 30) (hereinafter, the "Scheduling Order").

//

//

## I. INTRODUCTION

Plaintiff's Motion for Leave to Amend her Complaint (Motion) attempts to introduce an entirely new theory of liability into this case: the Prison Rape Elimination Act (PREA)[1] created an individual cause of action for the Government's failure to prevent Prishker's conduct.

Because Plaintiff seeks to amend her complaint long after the Court's deadline, her Motion triggers Rule 16(b)'s stringent good-cause requirement—a standard she cannot meet. Rule 16(b) exists to prevent exactly this type of late-stage shifting of theories, and Plaintiff's lack of diligence is plain on the face of her filings. As the Ninth Circuit makes clear, absent true diligence, the inquiry ends. Here, the record shows that Plaintiff could have raised the amendments beyond the names of three supervisory officials earlier, but she failed to do so. Her belated attempt to expand the scope of this case by introducing an entirely new and novel PREA theory of liability 10 months after discovery has closed underscores why Rule 16(b)'s gatekeeping function must apply here with full force. Any amendments beyond the substitution of the three government officials' names for previously identified "Doe" defendants should be precluded.

## II. GOOD CAUSE UNDER RULE 16(b)

### A. Legal Standard

Because the Scheduling Order was set, and the deadline to amend the pleadings has passed, Plaintiff's motion for leave to file a second amended complaint (ECF No. 65) (hereinafter, Plaintiff's "Motion") and this Court's inquiry is governed by a two-step analysis. First, Plaintiff must first show "good cause" under Federal Rule of Civil Procedure 16(b)(4) to modify the schedule. Next, and only if good cause is shown, does the Court evaluate whether amendment is appropriate under Rule 15(a). The Ninth Circuit established this order in *Johnson v. Mammoth Recreations, Inc*. 975 F.2d 604, 609–10 (9th Cir. 1992) and has reaffirmed it in *Coleman v. Quaker Oats Co.*,

[1] 34 U.S.C. § 15601 *et. seq.*

232 F.3d 1271, 1294–95 (9th Cir. 2000). "Thus, whether Plaintiff should be granted leave to amend her Complaint depends first upon whether she can satisfy her burden of showing that 'good cause' justifies amendment of the Rule 16 Order." *Jackson v. Laureate, Inc.*, 1999 U.S. Dist. LEXIS 14378, *3 (E.D. Cal. 1999) (citing *Johnson*, 975 F.2d 604 at 608-09).

Under Rule 16(b), diligence is the touchstone. The Ninth Circuit holds that Rule 16(b)'s "good cause" inquiry "primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609–10; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16 enforces docket control: a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded," and its standards "may not be short-circuited." *Johnson*, 975 F.2d at 610.

Consistent with that focus, narrow amendments tethered to facts first learned after the deadline—for example, identities revealed in discovery—may establish good cause if the movant acted promptly once those facts surfaced; by contrast, new claims or theories that were known—or should have been known—before the cutoff do not satisfy Rule 16(b)'s diligence requirement. *Johnson*, 975 F.2d at 609–10; *Zivkovic*, 302 F.3d at 1087.

Thus, if—and only if—good cause is shown under Rule 16(b), the analysis proceeds to Rule 15(a). Rule 15(a)(2) instructs courts to "freely give leave when justice so requires," guided by the *Foman* factors—undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility—with prejudice carrying the greatest weight in the Ninth Circuit. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Ninth Circuit's applications of the *Foman* factors include: undue delay where the party "knew or should have known" the facts and theories earlier, *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990); undue prejudice where amendment would require reopening discovery or materially alter litigation strategy,

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079–80 (9th Cir. 1990); recognition that courts have "particularly broad" discretion to deny further leave after prior amendments, *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); and denial for a late change of tack that would cause delay and prejudice, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952–54 (9th Cir. 2006).

**B. Proffered Amendments and Summary of United States' Position**

1. Proffered Amendments (generally)[2]

As explained in detail in the United States' Response on this issue (ECF No. 67) (hereinafter the "United States' Response"), the United States is not opposing all of Plaintiff's proposed amendments. Specifically, the United States does not oppose Plaintiff's Motion to add the names of three government officials into the allegations of her complaint.

However, Plaintiff fails to establish good cause for those amendments that the United States opposes, which are discussed and identified in detail in the United States' Response. Not only did Plaintiff fail to provide good cause in her Motion, but she also fails to address those points *at all* in her supplemental briefing (ECF No. 72). Certainly, the Court's order appropriately required a discussion on "good cause" for the amendments that Plaintiff now seeks. A reasonable inference of the Court's order is that *all* the proposed amendments should be addressed, especially after the United States Response addressed all the proposed amendments and identified the objections to those amendments that went beyond the names of three government officials. Regardless, Plaintiff fails to support any amendment other than the names of three government officials she seeks to add.

Beyond the Court's order, Plaintiff—as the party seeking to amend—*must* carry the burden to show "good cause" under Rule 16(b). *Cf. Johnson*, 975 F.2d 604, 609–10, *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268 (9th Cir. 2023) (affirming denial of

[2] Each proposed amendment is discussed specifically in the United States Response on this issue. *See* ECF No. 67.

leave where plaintiffs failed to show good cause to amend after the scheduling-order deadline); *See also Johnson v. Cty. of San Bernardino*, 2021 U.S. App. LEXIS 30896, *1-2 (9th Cir. 2021) ("Thus, [the movant] bore the burden of establishing 'good cause' for [the] untimeliness under Rule 16(b)(4), which in turn required [him] to show [he] could not have filed a timely motion despite acting with 'diligence.'"). Plaintiff fails in meeting her burden to show good cause for all of the amendments she now proposes.

Plaintiff claims in her supplemental briefing that "she addressed the Rule 16(b) requirements with the assigned Magistrate Judge before filing her motion for leave to file a Second Amended Complaint." ECF No. 72 at 2. However, in that filing, *and* in her meet-and-confer with the United States, the *only* amendments Plaintiff proffered were the substitution of the three government officials' names for previously identified "Doe" defendants. The several additional amendments that United States opposes now, and in its response on this issue (ECF No. 67), were not discussed, nor were they mentioned *at all* in her motion for leave to file a second amended complaint. *See* ECF No. 60 at 5 ("Plaintiff brings this motion promptly to amend the scheduling order so that she may timely move to name these previously unidentified Doe Defendants now that their identities are known."); *See also* ECF No. 67 (United States' Response) at 2-3 ("However, [Plaintiff's Exhibit 2] to Plaintiff's [motion for leave to file a second amended complaint] seeks significantly more amendments.").

2. <u>Prison Rape Elimination Act</u>

Those "significantly more amendments," the ones Plaintiff is not addressing, are problematic and unfairly prejudicial to Defendant if allowed now, more than 10 months after the deadline set by the Court. *See* ECF No. 30 ¶ 3. Many of the proposed amendments identify PREA and its implementing regulations.

None of the Plaintiff's claims are standalone claims based upon a PREA violation. The reason for this is "[t]he Prison Rape Elimination Act, 42 U.S.C. § 15602, does not give rise to a private cause of action." *See Miller v. Brown*, 2014 U.S. Dist. LEXIS 15116, *20 (<u>(E.D. Cal. 2014)</u>; *See also*, *Roe v. CoreCivic, Inc.*, 823 F. Supp.

3d 1137, 1151 (S.D. Cal. 2026); *Reed v. Racklin*, 2017 U.S. Dist. LEXIS 90090, *6 (E.D. Cal. 2017).

In this case, Plaintiff is not attempting to pursue a private cause of action for violation of the PREA statute; rather, she is pursuing a negligence action and is relying upon an alleged violation of the statute, ordinance, or regulation to establish part of that cause of action. Plaintiff must have known that the PREA statute and its related ordinances and regulations were in existence before the operative pleading in deadline in this case expired, because the officials responsible for the supervision in this regard were referred to as "Doe" defendants in the complaint and first amended complaint. *See* ECF No. 65-4 at 5-6 ¶s 14-18. The first amended complaint, however, did not reference anything else, such as the names of the migrant women, or the specific PREA statute and ordinances or regulations related to PREA.

3. Untimeliness, Prejudice, and Futility

That supervisor names (now) and the general allegations already contained in the first amended complaint are more than sufficient to support Plaintiff's theory of negligence. Allowing Plaintiff to amend beyond the supervisor names, 10 months after the deadline set to amend the pleadings, would clearly be untimely; but it would also unfairly prejudicial to Defendant for two significant reasons. First, it would expand the litigation into PREA itself. In other words, it expands the litigation to bootstrap a PREA cause of action for the Plaintiff (a private individual) against the government, which is inconsistent with its legislative intent. In essence, therefore, it would create a new and novel theory of liability, and should it not be allowed. *Cf.* Exhibit 1, attached hereto (this Court's Order from *Kamal v. Eden Creamery, LLC*, Case No. 18-cv-01298-TWR-MSB, ECF No. 104); *Kamal*, 88 F.4th 1268.[3]

[3] *Kamal*, which is also cited earlier in support of Defendant's position, affirms this Court's underlying decision on the case, which denied the plaintiff's motion to amend because the plaintiff "failed to establish good cause to substantially change their theory of the case at this late stage." *See* Exhibit 1 at 15.

Secondly, fact discovery closed on April 24, 2026. *See* ECF No 30.[4] PREA-related allegations would require the parties to address regulatory standards, institutional practices, and potential PREA-based defenses for the first time—subjects that fall entirely outside the scope of the discovery completed in this case. In other words, amendments now with the breadth that Plaintiff now seeks, would deprive Defendant of defending against a cause of action that does not exist and should not exist.

Ultimately, to remain consistent with congressional intent, and with the appropriate use of how any alleged negligent supervision should support her claim of negligence, nothing more than inclusion of the names three officials previously identified as unknown would be appropriate or necessary.[5]

## III. <u>CONCLUSION</u>

Plaintiff fails to meet her burden in establishing (or even addressing) "good cause" under Rule 16(b) that would allow all of her amendments beyond the substitution of the three government officials' names for previously identified "Doe" defendants. As such, the Court should deny those amendments.

DATED: October 21, 2026

Respectfully submitted,
ADAM GORDON
United States Attorney

*s/ Shital H. Thakkar*
SHITAL H. THAKKAR
STEPHEN H. WONG
Assistant United States Attorney
Attorney for the United States

---

4 Fact discovery was continued after April 24, 2026, but only for the limited purpose of deposing the Plaintiff. *See* ECF Nos. 44, 56, 63, and 70

5 Defendant also incorporates by reference the futility arguments already made in the United States Response on this issue. *See* ECF No. 67 at 3, 5-6.