Case 3:18-cv-01298-TWR-MSB Document 104 Filed 12/08/20 PageID.2388 Page 1 of 17

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSIF KAMAL, GILLIAN NEELY, RICHARD LICHTEN, SUSAN COX, NICK TOVAR, MICHELE KINMAN, ASHLEY PETEFISH, and TERRI BROWN, on their own behalf and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br>EDEN CREAMERY, LLC, dba HALO TOP CREAMERY, and JUSTIN T. WOOLVERTON,<br>Defendants. | Case No.: 18-CV-1298 TWR (AGS)<br><br>**ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO FILE UNDER SEAL, (2) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, AND (3) SETTING HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>(ECF Nos. 77, 78, 79, 82, 87) |

Presently before the Court are Plaintiffs Youssif Kamal, Gillian Neely, Richard Lichten, Susan Cox, Nick Tovar, Michele Kinman, Ashley Petefish, and Teri Brown's Motions (1) to File Portions of Documents Conditionally Under Seal ("Mot. to Seal," ECF No. 77), (2) for Leave to File a Second Amended Complaint ("Mot. to Amend," ECF No. 79), and (3) for Class Certification Pursuant to Fed. R. Civ. Proc. 24(a) and 23(b)(2) and 23(b)(3) ("Mot. for Class Certification," ECF No. 82), as well as Defendants Eden Creamery, LLC and Justin T. Woolverton's Response in Opposition to ("Opp'n," ECF No. 88) and Plaintiffs' Reply in Support of ("Reply," ECF No. 93) the Motion to Amend and

Defendants' Response in Support of ("Resp.," ECF No. 86) the Motion to Seal. Briefing on Plaintiffs' Motion for Class Certification was suspended pending resolution of the Motion to Amend. (*See* ECF Nos. 94, 102.)

The Court concludes that the Motions to Seal and to Amend are suitable for resolution on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered Plaintiffs' proposed Second Amended Class Action Complaint for Damages, Injunctive Relief, and Restitution ("SAC," ECF No. 78-1); the Parties' proposed redactions to the Proposed Second Amended Complaint (ECF Nos. 78, 87); the Parties' arguments; and the law, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal, **DENIES** Plaintiffs' Motion to Amend, and **SETS** a hearing on Plaintiffs' Motion for Class Certification.

## BACKGROUND

On June 15, 2018, Plaintiffs Youssif Kamal and Gillian Neely filed this putative class action against Defendant Eden Creamery on behalf of "[a]ll persons who purchased one or more pint-containers of Halo Top ice cream and who received less than a full pint," asserting claims for breach of implied contract and violations of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200 *et seq.*; California's False Advertising Law ("FAL"), California Business & Professions Code §§ 17500 *et seq.*; and California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1770(a)(5), (7), (9). (*See generally* ECF No. 1.) Plaintiffs' initial Complaint alleged that Eden Creamery underfilled its "pints" of Halo Top ice cream. (*See, e.g.*, *id.* ¶ 1.)

On August 16, 2018, Eden Creamery moved to dismiss, arguing that its "products are a pint of light ice cream at the time they are made." (ECF No. 7-1 at 1.) Eden Creamery raised several arguments for dismissal, including preemption, lack of Article III and statutory standing, failure to plead fraud with specificity under Federal Rule of Civil Procedure 9(b), and failure to state a claim for breach of implied contract. (*See generally* ECF No. 7-1 at 5–22.)

Plaintiffs filed a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) on September 6, 2018, adding several Plaintiffs (Plaintiffs Lichten, Cox, Tovar, Kinman, Jacobson, Petefish, and Brown) and Mr. Woolverton as a Defendant. (*See generally* ECF No. 8.) Plaintiffs also dropped their breach of implied contract claim and added claims for common law fraud and violation of state consumer law claims under the laws of Arizona, Colorado, Illinois, Nevada, New Jersey, and New York. (*See generally id.*) Again, Plaintiffs' theory of liability was that "Halo Top routinely underfills its pint containers of ice cream." (*See, e.g.*, *id.* ¶ 3.)

On November 12, 2018, Defendants again moved to dismiss, claiming that their "products contain a 'pint' of ice cream when they are manufactured," (ECF No. 14-1 at 1), but that, "[a]t certain temperatures, ice cream melts in whole or in part" and "can also experience shrinkage when overrun releases," which "is not something that happens at the time of manufacture by Eden Creamery." (*Id.* at 3 n.1.) Defendants reiterated their arguments from their prior motion to dismiss and added arguments that Plaintiffs failed to assert claims against Mr. Woolverton in his individual capacity, that the fraud claim was barred by the economic loss rule, that the state consumer law claims failed and could not be applied extraterritorially. (*See generally id.*)

The Honorable Cynthia Bashant largely denied Defendants' motion on June 26, 2019. (*See generally* ECF No. 22). Although Judge Bashant granted Plaintiffs limited leave to amend, (*see id.* at 40), Plaintiffs elected not to file an amended complaint. Defendants answered on July 19, 2019. (*See* ECF No. 24.)

On October 8, 2019, the Parties filed their Joint Discovery Plan, in which Defendants disclosed that Eden Creamery had been "sold to Wells Enterprises[, Inc. ("Wells")] in September 2019." (ECF No. 29 at 4 (citing https://www.latimes.com/business/story/2019-09-16/halo-top-ice-cream-company-issold-to-blue-bunny).) Defendants also explained that their Halo Top "pints are filled at the time of manufacture" and that "Plaintiffs describe a phenomenon called shrinkage, not shortage," which "happens when air whipped into ice cream products during the freezing process escapes." (*Id.* at 8.)

On October 15, 2019, Magistrate Judge Andrew G. Schopler entered a Scheduling Order, setting a deadline to "join other parties, to amend the pleadings, or to file additional pleadings" of November 1, 2019. (*See* ECF No. 32 ¶ 3.) He also set a deadline of February 1, 2020, by which to "have substantially completed document discovery," (*id.* ¶ 4), and a fact discovery cut-off of May 4, 2020. (*Id.* ¶ 7.) Finally, a trial was set for February 9, 2021. (*Id.* ¶ 22.)

The Parties then entered into discovery. Plaintiffs served their first set of requests for production of documents on October 30, 2019. (*See* ECF No. 38-3.) In a motion to compel production of documents filed on January 21, 2020, Plaintiffs noted that a "company [had] purchased Eden Creamery, LLC last fall," (ECF No. 38-1 at 11), and attached as an exhibit the same article Defendants had included in the October 8, 2019 Joint Discovery Plan. (*Compare* ECF No. 29 at 4 (citing https://www.latimes.com/business/story/2019-09-16/halo-top-ice-cream-company-issold-to-blue-bunny), *with* ECF No. 38-11.) Magistrate Judge Schopler granted in part and denied in part Plaintiffs' motion to compel on February 19, 2020. (*See* ECF No. 51; *see also* ECF No. 54 at 2:21–5:22, 20:3–22:6, 24:23–26:3.)

On March 13, 2020, the Parties filed a joint motion to amend the Scheduling Order to extend the prior discovery deadlines and to set a briefing schedule on Plaintiffs' Motion for Class Certification. (*See* ECF No. 58.) The joint motion indicated that, "in late 2019, Defendant Eden Creamery . . . was purchased by another company, Wells." (*Id.* at 2.) Magistrate Judge Schopler granted the Parties' request, amending the Scheduling Order to extend the deadline for substantial completion of document production to April 1, 2020, and the fact discovery cut-off to August 6, 2020. (*See* ECF No. 59.) He also ordered Plaintiffs to move for class certification on of before July 3, 2020. (*See id.*)

Plaintiffs filed a second motion to compel, this time from Mr. Woolverton, on April 29, 2020. (*See generally* ECF No. 60.) Plaintiffs again acknowledged that, "[i]n the Fall of 2019, [Mr. Woolverton] sold [Halo Top] to Wells . . . [,] reportedly for well over $1 Billion." (ECF No. 60-1 at 1.) Magistrate Judge Schopler granted in part and denied

in part Plaintiffs' motion on May 29, 2020, (*see* ECF No. 63; *see also* ECF No. 66 at 2:21–8:20, 16:5), as well as a further motion filed on June 19, 2020. (*See* ECF Nos. 73, 99; *see also* ECF No. 96 at 4:5–5:23, 18:8–19:3.)

Between January 31, and April 2, 2020, Defendants produced 192,000 pages of documents. (Mot. at 6 (citing ECF No. 79-5).) Plaintiffs took their first deposition, which was of Eden Creamery's Federal Rule of Civil Procedure 30(b)(6) designee, on June 5, 2020. (*See id.* at 6, 8–9.)

On June 11, 2020, Plaintiffs informed Defendants of their intention to seek leave to file an amended complaint that would add Wells as a Defendant, remove Plaintiff Jacobson and his Nevada state law claim, "[a]dd factual allegations consistent with facts learned by Plaintiffs' counsel through discovery," refine the class definitions, and add a declaration pursuant to California Civil Code § 1780. (*See* ECF No. 79-6 at 1.) Plaintiffs sent Defendants a redlined draft on June 14, 2020. (*See id.* at 2.) The Parties met and conferred on June 17, 2020, but Defendants would not stipulate to the filing of Plaintiffs' Proposed Second Amended Complaint. (*See* ECF No. 79-2 ¶ 6.)

The instant Motion to Amend followed on June 25, 2020. (*See generally* ECF No. 79.) Whereas Plaintiffs' original and First Amended Complaints focused on the alleged underfilling of Halo Top pints, (*see generally* ECF Nos. 1, 8), the Proposed Second Amended Complaint alleges that Defendants' Halo Top ice cream is "inherently defective" because the ingredients and high "overrun" (*i.e.*, whipped air content) render the product "extremely fragile to changes in temperature and altitude" and, consequently, unable to "survive the standard industry practices of cold storage warehouses, distributors, retail store freezers, or freezers in the homes of consumers." (*See, e.g.*, SAC ¶¶ 4–5.) Plaintiffs further allege that, despite being aware of this "defect," Defendants "inform[] nobody of the 'defect[]' . . . and place the blame on others when the inherent defect manifests in the form of 'shrinkage' of the ice cream – a pint that is oftentimes dramatically underfilled for the consumer." (*Id.* ¶ 9.)

/ / /

Pursuant to the operative Scheduling Order, (*see* ECF No. 59), Plaintiffs moved for class certification on July 3, 2020. (*See generally* ECF No. 82.)

**MOTION TO SEAL**

As a preliminary matter, Plaintiffs seek leave to file under seal unredacted versions of their Memorandum in Support of their Motion to Amend (ECF No. 78), their Proposed Second Amended Complaint (ECF No. 78-1), and a redlined version of their Proposed Second Amended Complaint (ECF No. 78-2). (*See generally* Mot. to Seal.) Plaintiffs' Motion to Seal is predicated on Defendants' designation of documents produced during discovery as "CONFIDENTIAL" and "CONFIDENTIAL – FOR COUNSEL ONLY" pursuant to the Stipulated Protective Order entered February 19, 2020 (ECF No. 48). (*See* Mot. at 2.) In their Response, Defendants concede that Plaintiffs' Memorandum can be filed publicly without redaction and propose a more limited set of redactions to the Proposed Second Amended Complaint and redline. (*See* Resp. at 1.) Specifically, Defendants seek to file under seal those portions of the Proposed Second Amended Complaint discussing the January 2018 TIC Gums report, a portion of an internal communication discussing the TIC Gums report, and portions of other internal communications that "reveal non-public information regarding Halo Top's business strategies for working with new retail customers and distributors and product quality optimization protocols." (*See id.* at 1–2 (citing SAC ¶¶ 6, 7, 59, 60, 64, 68, 69, 73, 76, 78–80).)

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Neither Plaintiffs nor Defendants satisfy either standard here. "The existence of a stipulated protected order is not enough, standing alone, to justify sealing under [even the more permissive] the 'good cause' standard." *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV1101539MMMJEMX, 2013 WL 12244287, at *2 (C.D. Cal. May 14, 2013) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *In re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, *2 (S.D. Cal. Aug. 3, 2011)). Further, "[a] party asserting that there is good cause to seal because of possible harm to its competitive and financial position must proffer 'specific demonstrations of fact, supported where possible by affidavits and concrete examples.'" *Id.* at *3 (C.D. Cal. May 14, 2013) (citing *Foltz*, 331 F.3d at 1131; *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005)). "This standard requires a particularized showing that there is good cause to seal *each exhibit* that is the subject of movant's application." *Id.* (emphasis in original).

Plaintiffs cite only to the Protective Order as justification for sealing portions of the Proposed Second Amended Complaint, (*see* Mot. to Seal at 2–3), while Defendants additionally rely on the declaration of their counsel, Keri E. Borders. (*See* Resp. at 1–2 (citing ECF No. 86-1 ("Borders Decl.")).) Ms. Borders declares—based on her "personal knowledge," (Borders Decl. ¶ 2)—that public disclosure of the TIC Gums report "would cause harm to the commercial and competitive interests of both TIC Gums and Halo Top," (*id.* ¶ 6), and that disclosure of the additional internal business communications might provide Halo Top's competitors an "unfair advantage," allowing them "to out-compete Halo Top in recruiting new retail customers and optimizing their distribution processes, without incurring any cost." (*Id.* ¶ 9.) Ms. Borders' declaration, however, "does not discuss the [underlying] documents or information in a particularized fashion, nor offer specific demonstrations of fact or concrete examples of the manner in which disclosure of the materials would hurt [Halo Top]'s business." *See Signal Hill Serv., Inc.*, 2013 WL 12244287, at *3. Ms. Border's "declaration fails, moreover, to explain how [s]he has personal knowledge of [Halo Top]'s business operations; without demonstrating that [s]he has personal knowledge that disclosure of the materials would injure [Halo Top]'s

business, h[er] declaration asserting the possib[i]lity of such injury is entitled to no weight." *See id.* (citing *Jagar v. Jagar*, No. C-09-01455 EDL, 2009 WL 4251176, *2 (N.D. Cal. Nov. 23, 2009); *Fidelity Nat'l Fin., Inc. v. Firedman*, No. CV 06–4271 CAS (JWJx), 2009 WL 1160234, *6 n. 4 (C.D. Cal. Apr. 27, 2009)); *see also, e.g.*, *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) ("[I]nformation and belief declarations from . . . counsel . . . [a]re entitled to no weight because the declarant d[oes] not have personal knowledge.").

The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal. Either Party **MAY FILE** a renewed motion to file under seal any documents for which "compelling reasons" exist within fourteen (14) days of the electronic docketing of this Order. Should neither Party elect to file a renewed motion, Plaintiffs **SHALL FILE PUBLICLY** ECF No. 78 and Defendants **SHALL FILE PUBLICLY** ECF No. 87 in their entirety within twenty-one (21) days of the electronic docketing of this Order.

## MOTION TO AMEND

### I. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend their complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989)).

After a pretrial scheduling order establishing a timetable for amending the pleadings has been filed, however, any request for leave to amend is reviewed under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). "Where a party moves to amend the pleadings after a deadline set in the Rule 16 scheduling order, the Court should not modify the scheduling order 'except upon a showing of good cause.'" *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006) (quoting Fed. R. Civ. P. 16(b)). Only after a party "satisf[ies] the

'good cause' requirement" will the court consider "whether an amended pleading under Rule 15 is proper." *Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 335 (C.D. Cal. 2016).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.'" *In re W. States Wholesale Nat. Gas*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609).

## II. Analysis

Plaintiffs seek leave to file a Second Amended Complaint for the following purposes: (1) to add Wells as a Defendant as "successor in interest" to Halo Top; (2) to add "substantial factual allegations supporting liability for all Defendants" and a theory or fraud by omission of material facts; (3) to revise the Class Definitions; and (4) to address certain "procedural housekeeping matters," including adding an affidavit pursuant to California Civil Code § 1780. (*See* Mot. at 2.) Defendants oppose on the grounds that Plaintiffs' proposed amendments are untimely, prejudicial, and futile. (*See* Opp'n at 6–23.) Given the advanced stage of this litigation, the Court agrees with Defendants that Plaintiffs have not established the requisite diligence to extend the deadline to file their Proposed Second Amended Complaint.

### *A. Addition of Wells Enterprises, Inc. as Defendant*

Plaintiffs seek to add Wells as a Defendant, purportedly as a "successor in interest" to Halo Top. (*See* Mot. to Amend at 5.) Defendants first disclosed to Plaintiff the sale of Halo Top to Wells, however, in the Parties' October 8, 2019 Joint Discovery Plan, (ECF No. 29 at 4)—well before the November 1, 2019 deadline to amend the pleadings, (*see*

ECF No. 32 ¶ 3)—and Plaintiffs themselves made several references to Wells' acquisition of Halo Top in their own filings beginning on January 21, 2020. (*See* ECF No. 38-1 at 11; *see also* ECF No. 58 at 2; ECF No. 60-1 at 1.) Nonetheless, Plaintiffs failed to seek leave to amend the Scheduling Order to add Wells until nearly eight months later on June 25, 2020, (*see* ECF No. 79; *cf.* ECF No. 58 (prior motion to amend Scheduling Order not requesting extension of deadline to amend pleadings or add parties)), and maintain that they were diligent in seeking amendment because "Plaintiffs could not have known the details of the deal . . . until documents and testimony were produced in discovery." (Reply at 5.)

The "details of the deal," however, were not necessary; the knowledge that Wells purchased Halo Top was sufficient to put Plaintiffs on notice of Wells' potential liability. Yet despite learning that Wells had purchased Halo Top in October 2019, Plaintiffs waited eight months to seek leave to add Wells as a defendant. (*See* ECF No. 79.) Such delay is hardly diligent. *See, e.g.*, *Denham v. Glob. Distrib. Servs., Inc.*, No. 18CV1495-LAB (MDD), 2020 WL 2218966, at *1 (S.D. Cal. May 6, 2020) (denying motion for leave to amend scheduling order to add defendant where the plaintiffs "were on notice of [the new defendant]'s potential liability three months before they first moved for leave to add him as a defendant"); *Sizzler USA Franchise, Inc. v. Cal. Ventures, LLC*, No. CV 09-1357-GAF (CWX), 2009 WL 10676156, at *2 (C.D. Cal. Dec. 29, 2009) (denying motion for leave to amend scheduling order to add individual defendant where the plaintiff waited nine months after receiving a declaration indicating the individual defendant's ownership and control of corporate defendant); *see also B2B CFO Partners, LLC v. Kaufman*, No. CV 09-2158-PHX-JAT, 2011 WL 2713887, at *4 (D. Ariz. July 13, 2011) ("If further investigation was truly necessary, the Court fails to understand—and Plaintiffs fail to adequately explain—why Plaintiffs did not follow up for so long.").

Although Plaintiffs' lack of diligence is sufficient grounds to deny the request to add Wells as a defendant, *see In re W. States Wholesale Nat. Gas*, 715 F.3d at 737, the Court's conclusion is bolstered by the prejudice that Wells would experience if Plaintiffs' proposed

amendment were allowed at this late stage. Plaintiffs' filed their Motion to Amend on June 25, 2020 (*see generally* ECF No. 79), only a week before the class certification deadline and a little over a month before the fact discovery cut-off.[1] (*See* ECF No. 59.) While this Motion was pending, fact discovery closed. (*See id.*) It is undisputed that Wells has not had the opportunity to engage in discovery or motion practice, (*see* Opp'n at 11); accordingly, the Court would have to reopen discovery and extend the remaining deadlines, including the deadlines for class certification, dispositive motions, and trial, injecting further delay into a case filed approximately two-and-a-half years ago. "Especially given the age of this case, the Court cannot countenance such delays by finding good cause to permit amendment." *See Denham*, 2020 WL 2218966, at *1). Accordingly, the Court **DENIES** Plaintiffs' request to modify the Scheduling Order to add Wells as a defendant.

***B. Addition of "Substantial Factual Allegations" and New Theory of Liability***

The bulk of Plaintiffs' proposed amendments represent a shift from their initial theory that Defendants intentionally underfill their Halo Top pints to a new theory of liability: that Defendants market their ice cream as pints despite knowing that their product is "inherently defective" such that it experiences extreme "shrinkage" throughout the standard distribution and retail chain before reaching consumers. (*See, e.g.*, SAC ¶¶ 3–12.) Plaintiffs also seek to add a new cause of action for fraud by intentional misrepresentation and omission based on these allegations. (*See id.* ¶¶ 174–80.)

Plaintiffs contend that they were diligent in seeking amendment because the factual basis for these new allegations was not available through discovery "until recently." (*See* Mot. to Amend at 6.) Plaintiffs claim that their "short period of time spent reviewing documents, deposing the 30(b)(6) witness, drafting an amended complaint, and the supporting documents reflects diligent pursuit of amendment." (*Id.* at 15–16.) Defendants counter that the fact that "ice cream can be subject to shrinkage as a result of temperature

---

[1] Indeed, the Motion to Amend was noticed for a hearing on July 27, 2020 (*see* ECF No. 79), only a week-and-a-half before the fact discovery cut-off and approximately a month before Defendants' opposition to the Motion for Class Certification was due. (*See* ECF No. 59.)

fluctuation prior to consumption is something plaintiffs have known about for more than two years." (Opp'n at 8.) Further, "*the large majority of documents that the [Proposed Second Amended Complaint] relies upon were produced in January*, almost *five* months before plaintiffs moved to amend." (*Id.* at 8–9 (emphasis in original) (citing ECF No. 88-1 ("Queen Decl.") ¶ 5).)

Although a closer question than Plaintiffs' request to add Wells, the Court concludes that Plaintiffs again fail to demonstrate their diligence. *See Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012). It has been clear from the outset of this case that "shrinkage" would be a key issue in one way or another. (*See, e.g.*, ECF No. 14-1 at 1 (contending in Defendants' second motion to dismiss that "Eden Creamery's products contain a 'pint' of ice cream when they are manufactured and . . . Plaintiffs contend that Eden Creamery is liable for fraud – not based on its own conduct – but based on alleged, random product mishandling by third parties such as retailers"); ECF No. 22 at 19 (Judge Bashant's June 26, 2019 Order on Defendants' prior motion to dismiss, noting that, "[a]s a matter of common sense, ice cream may 'settle' by melting").) Indeed, Eden Creamery informed most of named Plaintiffs after receiving their complaints that, "[b]y way of explanation, what happens here is that, at some point in the supply chain, the ice cream slightly melts and then refreezes. When this happens, the ice cream condenses down, leaving space inside the pint." (*See, e.g.*, FAC ¶¶ 53 (email to Plaintiff Neely from April 2018), 57 (email to Plaintiff Lichten from January 2017), 62 (email to Plaintiff Jacobson from April 2018), 67 (email to Plaintiff Petefish from April 2018), 70 (email to Plaintiff Cox from April 2017), 79 (email to Plaintiff Kinman from May 2018), 86 (email to Plaintiff Tovar from January 2018).)

Nonetheless, Plaintiffs contend that they could not have been aware of the facts underlying their new theories until discovery began. (*See* Mot. to Amend at 14–16.) Although there is undoubtedly some truth to Plaintiffs' assertion, Defendants began producing documents on January 31, 2020, (*see* ECF No. 79-2 ("Brown Decl.") ¶ 3 & Ex. C; Queen Decl. ¶ 3), and twelve of the sixteen new documents referenced in the proposed

Second Amended Complaint were contained in that first production of documents, (*see* Queen Decl. ¶ 5), which comprised 12,224 pages. (*See* Brown Decl. Ex. C at 1.) The Court recognizes that document review takes time, but Plaintiffs—who bear the burden—have failed to account for the five months between the production of these key documents and the filing of the instant Motion to Amend. Further, to the extent Plaintiffs contend that they diligently moved to amend following Eden Creamery's deposition, (*see* Mot. to Amend at 8–9), Plaintiffs fail to articulate what new facts uncovered at the deposition were critical to their request. (*See* Opp'n at 9.) The Court therefore concludes that Plaintiffs have failed to establish the requisite diligence. *See Ogier v. KC Care, LLC*, No. 3:18-CV-00361-YY, 2019 WL 3210089, at *3 (D. Or. June 17, 2019) ("Courts have held that waiting one month after discovering new facts to inform the opposing party of its intent to bring a motion to amend or waiting two months after discovery of new facts to file a motion for leave to amend does not constitute diligence under Rule 16." (collecting cases)), *report and recommendation adopted*, No. 3:18-CV-0361-YY, 2019 WL 3206839 (D. Or. July 15, 2019); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1367 (Fed. Cir. 2006) (concluding that the plaintiff was not diligent in seeking leave to amend where three months elapsed between discovery of new facts and filing of motion); *Par Pharm., Inc. v. Takeda Pharm. Co.*, No. 513CV01927LHKPSG, 2014 WL 3704819, at *2 (N.D. Cal. July 23, 2014) ("By waiting four months to seek leave, Defendants were not diligent, even if they did not intend to sandbag."); *EPIS, Inc. v. Fid. & Guar. Life Ins. Co.*, 156 F. Supp. 2d 1116, 1133 (N.D. Cal. 2001) (finding lack of diligence where the plaintiff waited three months after discovering new facts to file motion to amend complaint).[2]

---

[2] Plaintiffs cite to several cases involving delays of several months to support their diligence. (*See* Mot. to Amend at 14–15 (citing *Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, at *3 (D. Or. Oct. 7, 2016); *Copart, Inc. v. Sparta Consulting, Inc.*, No. 214CV00046KJMCKD, 2016 WL 3126108, at *3–4 (E.D. Cal. June 2, 2016); *Bd. of Trustees of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, No. C 09-0465 PJH, 2010 WL 760452, at *1, *3 (N.D. Cal. Mar. 4, 2010); *Trimble Navigation Ltd. v. RHS, Inc.*, No. C 03-1604 PJH, 2007 WL 2727164, at *9–10 (N.D. Cal. Sept. 17, 2007)). As Plaintiffs concede, however, "[t]he inquiry is case-specific," (*see id.* at 14), and in Plaintiffs' cases—none of which are binding—the movant was proceeding pro se, *see, e.g.*, *Story*, 2016

The same is true of Plaintiffs' allegations that Defendants' Halo Top products were "underweight." Defendants are correct that Plaintiffs have been aware of this issue since January 2017, when Plaintiff Lichten bought pints weighing only eleven ounces.[3] (*See* Opp'n at 8 (citing Queen Decl. Ex. C at -02, -06.) "It would be unfair to the [D]efendant[s] to permit the [P]laintiff[s] to change strategies at th[is] late stage of litigation." *See Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 548 (9th Cir. 1985).

Again, while Plaintiffs' lack of diligence alone is a sufficient basis to deny their Motion to Amend, *see In re W. States Wholesale Nat. Gas*, 715 F.3d at 737, the Court also concludes that the proposed amendments would prejudice Defendants. Plaintiffs argue that Defendants will suffer no prejudice because "[t]he additional facts and theory of liability against Defendants in the [Proposed Second Amended Complaint] are based on the same documents and testimony provided in response to the underlying theory of the F[irst Amended Complaint]." (*See* Reply at 6.) That Plaintiffs have all the discovery needed to prosecute their new theory, however, does not mean that Defendants have all of the discovery they need to defend against it. *See, e.g.*, *Hulstedt v. City of Scottsdale*, No. CV-09-1258-PHX-GMS, 2011 WL 2669228, at *5 (D. Ariz. July 7, 2011) ("[S]eeking to file a second amended complaint at the end of discovery is prejudicial to the Defendants in that it deprives them of the opportunity to develop discovery in response to such of Plaintiffs theories as are new."). Although Plaintiffs fault Defendants for failing to "point to any documents or testimony that would be necessary to respond to the filing of the [proposed Second Amended Complaint," (*see* Reply at 6), Defendants contend that additional discovery would be necessary to refute, among other things, Plaintiffs' allegations that

---

WL 5868077, at *1; additional discovery would not be required, *see, e.g.*, *Copart, Inc.*, 2016 WL 3126108, at *3–4, or would be "limited," *see, e.g.*, *Trimble Navigation Ltd.*, 2007 WL 2727164, at *11 (N.D. Cal. Sept. 17, 2007); or leave to amend was sought much earlier in the case. *See, e.g.*, *Groth*, 2010 WL 760452, at *1, *3 (concluding that the movant did not unduly delay where motion to amend was filed less than one year after case was initiated).

[3] Although a pint contains sixteen fluid ounces, it is not clear from the Proposed Second Amended Complaint what the advertised *weight* of Halo Top pints is.

"Halo Top's ice cream is particularly vulnerable to changes and altitude as compared to 'most ice creams'" and "[n]one of Halo Top's storage facilities, distributors, or retailers knew about this supposed defect." (*See* Opp'n at 11.) Now that the discovery deadline has passed, (*see* ECF No. 59), allowing Plaintiff to amend would entail the delay and expense of reopening discovery.

The Court therefore concludes that Plaintiffs have failed to establish good cause to substantially change their theory of the case at this late stage. *See, e.g.*, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006) ("Allowing [the plaintiff] to 'advance different legal theories and require proof of different facts' at this stage in the litigation would have prejudiced [the defendant]." (citing *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990))); *Finazzo v. Haw. Airlines*, No. CIV. 05-00524JSMLEK, 2007 WL 1080095, at *5 (D. Haw. Apr. 6, 2007) (denying motion for leave to amend where "the addition of the new factual allegations would significantly delay the case and would prejudice Defendant's interest in a speedy resolution of the instant action"). Accordingly, the Court **DENIES** Plaintiffs' request to modify the Scheduling Order to amend their theory of liability and to add a new claim against Defendants.

***C. Revision of Class Definitions***

Plaintiffs propose revising the Class Definition(s) to make them "consistent with the[ proposed] additional facts." (*See* Mot. to Amend at 2.) Because the Court concludes that Plaintiffs have failed to establish good cause as to the new factual allegations, *see supra* Section II.B, the Court also concludes that Plaintiffs have failed to establish good cause as to the revised Class Definition(s). Further, Plaintiffs already have moved for class certification under their prior Class Definition(s). (*See generally* ECF No. 82.) The Court therefore **DENIES** Plaintiffs' request to modify the Scheduling Order to revise the Class Definition(s).

/ / /

***D. "Housekeeping" Matters***

Finally, Plaintiffs seek to add an affidavit from Plaintiff Neely pursuant to California Civil Code § 1780, (*see* Mot. to Amend at 2), which requires a plaintiff pursuing a claim under the CLRA to file "concurrently with the filing of the complaint" an affidavit indicating that the plaintiff resides within the county in which the action was commenced or "where the transaction or any substantial portion thereof occurred." Cal. Civ. Code § 1780(d). Plaintiffs failed to file an affidavit with either their original Complaint, (*see generally* ECF No. 1), or their First Amended Complaint. (*See generally* ECF No. 8.)

Defendants contend that Plaintiffs' failure to add a venue affidavit for two years evidences a lack of diligence. (*See* Opp'n at 10.) The Court agrees. *See Wolf v. Hewlett Packard Co.*, No. CV1501221BROGJSX, 2016 WL 8931307, at *5 (C.D. Cal. Apr. 18, 2016) ("Accordingly, the Court concludes that Plaintiff was not diligent in amending her complaint to add the [section 1780] venue affidavit." (citing *Johnson*, 975 F.2d at 610).); *see also Aldaya v. Encore Capital Grp., Inc.*, No. CV 15-00284 SOM-RLP, 2017 WL 11139923, at *3 (D. Haw. Mar. 7, 2017) ("Attorney error and oversight do not establish diligence." (citing *Provident Energy Assocs. of Mont. v. Bullington*, 77 Fed. App'x 427, 428–29 (9th Cir. 2003); *Schultz v. Wal-Mart Stores, Inc.*, 68 Fed. App'x 130, 131–33 (9th Cir. 2003); *Turner v. Imperial Stores*, No. 95-56319, 1996 WL 738630, at *1 (9th Cir. Dec. 23, 1996))). The Court therefore **DENIES** Plaintiffs' request to modify the Scheduling Order to add a venue affidavit pursuant to California Civil Code § 1780.

* * *

Because the Court concludes that Plaintiffs have failed to establish that they were diligent in seeking any of their proposed amendments, the Court **DENIES** Plaintiffs' Motion to Amend.

**MOTION FOR CLASS CERTIFICATION**

Although Plaintiffs filed their Motion for Class Certification on July 3, 2020, (*see* ECF No. 82), the briefing was stayed pending resolution of Plaintiffs' Motion to Amend. (*See* ECF Nos. 94, 102.) Given the Court's ruling on the Motion to Amend, *see supra*

pages 8–16, the Court **SETS** a hearing on Plaintiffs' Motion for Class Certification for February 17, 2021 at 1:30 p.m. in Courtroom 3A, with the Opposition and Reply to be filed as ordered by Judges Bashant and Schopler. (*See* ECF Nos. 94, 102.)

**CONCLUSION**

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal (ECF No. 77), **DENIES** Plaintiffs' Motion to Amend (ECF No. 79), and **SETS** a hearing on Plaintiffs' Motion for Class Certification (ECF No. 82) for February 17, 2021 at 1:30 p.m. in Courtroom 3A. Either Party **MAY FILE** a renewed motion to file under seal portions of the Proposed Second Amended Complaint within fourteen (14) days of the electronic docketing of this Order. Should neither Party elect to file a renewed motion, Plaintiffs **SHALL FILE PUBLICLY** ECF No. 78 and Defendants **SHALL FILE PUBLICLY** ECF No. 87 in their entirety within twenty-one (21) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: December 8, 2020

Honorable Todd W. Robinson
United States District Court