UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN PARKER,<br>Plaintiff,<br>v.<br>JUAN PRISHKER, UNITED STATES OF AMERICA, and DOES 1–7 and 11–15,<br>Defendants. | Case No.: 24-CV-2138 TWR (MSB)<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br>(ECF No. 65) |

Presently before the Court is Plaintiff Karen Parker's Motion for Leave to File Second Amended Complaint ("Mot.," ECF No. 65), as well as Defendant the United States of America's partial Opposition to ("Opp'n," ECF No. 67) and Plaintiff's Reply in Support of ("Reply," ECF No. 68) the Motion and Plaintiff's ("Pl.'s Supp. Br.," ECF No. 72) and the United States's ("U.S. Supp. Br.," ECF No. 76) Supplemental Briefs. The Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (*See* ECF No. 71.) Having carefully considered Plaintiff's Proposed Second Amended Complaint for 1) Intentional Infliction of Emotional Distress (FTCA Claim); 2) Negligence (FTCA Claim); 3) False Imprisonment (FTCA Claim); 4) Gender Violence (FTCA Claim, Cal. Civil Code § 52.4); and 5) Bane Act (FTCA Claim, Cal. Civ. Code § 52.1) ("PSAC,"

/ / /

ECF Nos. 65-3 & 65-4 (redline)), the record, the Parties' arguments, and the relevant law, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

Plaintiff filed her initial Complaint against Defendants Juan Prishker and the United States, alleging three claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for intentional infliction of emotional distress, negligence, and false imprisonment, on November 14, 2024. (*See generally* ECF No. 1.) Defendant Prishker answered on February 25, 2025, (*see generally* ECF No. 13), while Defendant the United States moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on March 17, 2026. (*See generally* ECF No. 17.) The Honorable M. James Lorenz denied the United States's motion on August 18, 2025, (*see generally* ECF No. 20), and the United States answered on September 2, 2025. (*See generally* ECF No. 21.)

On November 25, 2025, the Honorable Michael S. Berg issued a Scheduling Order, (*see generally* ECF No. 30), which provided that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **January 8, 2026**." (*See id.* ¶ 3 (emphasis in original).) Plaintiff moved for leave to file a First Amended Complaint *nunc pro tunc* on December 24, 2025, (*see generally* ECF No. 31), and the United States opposed. (*See generally* ECF No. 34.) Judge Lorenz granted Plaintiff's motion on May 11, 2026, (*see generally* ECF No. 45), and Plaintiff filed the operative First Amended Complaint on May 12, 2026. (*See generally* ECF No. 46 ("FAC").) Plaintiff's First Amended Complaint alleges five claims against Defendants and Does 1–15 under the FTCA for 1) Intentional Infliction of Emotional Distress (FTCA Claim); 2) Negligence (FTCA Claim); 3) False Imprisonment (FTCA Claim); 4) Gender Violence (FTCA Claim, Cal. Civil Code § 52.4); and 5) Bane Act (FTCA Claim, Cal. Civ. Code § 52.1). (*See generally* FAC.) Defendant Prishker answered on May 27, 2026, (*see generally* ECF No. 49), and the United States answered on June 22, 2026. (*See generally* ECF No. 54.)

"On May 15, 2026, three days after Plaintiff filed the First Amended Complaint naming Doe Defendants 1–15, [Plaintiff's counsel] propounded a second set of interrogatories on the United States" that "sought to identify Doe Defendants." (*See* ECF No. 65-1 ("Iredale Decl.") ¶ 2.) "Specifically, Interrogatory No. 4 sought 'the name of the official or officials responsible for insuring compliance with the Prison Rape Elimination Act (PREA) standards and regulations for the Boulevard Border Patrol Station during the period of January 1, 2022 through June 1, 2024.'" (*Id.* ¶ 3.) The United States served its response on July 1, 2026, identifying Michael Cappara, Nawar Shora, and Rosemay Galvan. (*See id.* ¶ 4.)

On July 1, 2026, this action was reassigned to the undersigned. (*See generally* ECF No. 57.) On August 13, 2026, Plaintiff moved under Federal Rule of Civil Procedure 16(b)(4) to amend the Scheduling Order to extend the January 8, 2026 deadline to move to amend the pleadings so she could add the names of "the three officials responsible for ensuring compliance with the Prison Rape Elimination Act (PREA) standards and regulations for the Boulevard Border Patrol Station during the period of January 1, 2022 through June 1, 2024," who were identified by the United States in response to Plaintiff's second set of interrogatories. (*See* ECF No. 60 at 3.) Counsel for Defendants did not oppose Plaintiff's request, (*see id.* at 4), and, that same day, Judge Berg granted Plaintiff's motion "for good cause shown" and extended the deadline to file a motion to amend the pleadings to August 20, 2026. (*See* ECF No. 61 at 2.)

The instant Motion timely followed on August 20, 2026. (*See generally* ECF No. 65.) The Parties subsequently stipulated that, in the event the Court grants Plaintiff's Motion, Plaintiff will "remove all named parties from her caption, other than the UNITED STATES OF AMERICA, and Juan PRISHKER." (*See* ECF No. 67-1 ("Stip.") at 1.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend their complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent

or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989)).

After a pretrial scheduling order establishing a timetable for amending the pleadings has been filed, however, any request for leave to amend is reviewed under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). "Where a party moves to amend the pleadings after a deadline set in the Rule 16 scheduling order, the Court should not modify the scheduling order 'except upon a showing of good cause.'" *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006) (quoting Fed. R. Civ. P. 16(b)). Only after a party "satisf[ies] the 'good cause' requirement" will the court consider "whether an amended pleading under Rule 15 is proper." *Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 335 (C.D. Cal. 2016).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.'" *In re W. States Wholesale Nat. Gas*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609).

**ANALYSIS**

Through the instant Motion, Plaintiff seeks leave to file her Proposed Second Amended Complaint. (*See generally* Mot.; Iredale Decl. ¶ 5; ECF No. 65-2 ("Mem.").) The Proposed Second Amended Complaint does not seek to add any new causes of action or parties, except to the extent it identifies Does 8–10 as Michael Cappara, Nawar Shora,

and Rosemary Galvan, respectively. (*See* ECF No. 65-4 ¶¶ 14–16.) The Proposed Second Amended Complaint also explicitly identifies two individuals whom Plaintiff previously referred to as "other victims who suffered Prishker's assaults, threats, insults and misconduct before Prishker's conduct towards Plaintiff Karen Parker," (*see id.* ¶ 17), and several regulations implementing PREA with which Cappara, Shora, and Galvan purportedly failed to comply, including 28 C.F.R. §§ 115.311, 115.315, and 115.386. (*See* ECF No. 65-4 ¶¶ 56–65.)

The United States does not oppose Plaintiff's request to amend her complaint to add the names of Cappara, Shora, and Galvan, (*see* Opp'n at 3), but does oppose the remainder of Plaintiff's proposed amendments on the grounds that Plaintiff has failed to show good cause, repeatedly failed to cure the deficiencies, and the proposed amendments should have been sought earlier and are futile. (*See generally id.* at 5–7.) In particular, the United States challenges Plaintiff's new allegations concerning PREA on the grounds that such allegations could have been included in previously filed complaints and that references to PREA are unnecessary because none of Plaintiff's claims are standalone claims based on a violation of PREA. (*See generally id.*; *see also* U.S. Supp. Br.) Notably absent from the United States's Opposition, however, was any argument that allowing Plaintiff to file her Proposed Second Amended Complaint would prejudice the United States in any way. (*See generally* Opp'n.) Rather, the United States first argued prejudice in its Supplemental Brief, which the Court ordered to address the good cause inquiry under Rule 16(b).

It is now clear that Judge Berg found that Plaintiff had established good cause to extend the deadline to seek leave to amend the pleadings. (*See* ECF No. 61.) In her request to Judge Berg, Plaintiff made clear that, on May 15, 2026, she sought from the United States "the name of the official or officials responsible for insuring compliance with the Prison Rape Elimination Act (PREA) standards and regulations for the Boulevard Border Patrol Station during the period of January 1, 2022 through June 1, 2024[,]" (*see* 60-1 ¶¶ 2–3), and that, on July 1, 2026, "the United States served its response" and "identified

/ / /

the following individuals: Michael Cappara, Nawar Shora, and Rosemary Galvan." (*See id.* ¶ 4.) Plaintiff therefore

> s[ought] leave to amend the complaint to name these defendants, who were previously identified as Doe Defendants, on the basis that they failed to supervise Prishker adequately, and failed to intervene, halt or report Prishker's conduct towards other victims who suffered Prishker's assaults, threats, insults and misconduct before Prishker's conduct towards Plaintiff Karen Parker, and failed to initiate an administrative investigation of his sexual abuse of two Mexican female detainees a year prior to the event with Plaintiff.

(*See id.* ¶ 5.) Plaintiff's request to Judge Berg therefore specifically mentioned PREA and its administrative requirements, including the timely investigation of sexual abuse allegations. Accordingly, the Court finds that Judge Berg concluded that Plaintiff had established good cause to amend her complaint as requested through the instant Motion.

Moreover, although not previously identified by citation, PREA's regulations were implicitly invoked in Plaintiff's First Amended Complaint:

> 49. Federal regulations and mandatory CBP policy mandate that sexual harassment, including Prishker's conduct, and sexual assaults, are strictly prohibited. Moreover, federal law requires any member of Customs and Border Protection ("CBP") having knowledge of such conduct by CBP employees to report that conduct to CBP authorities for investigation and appropriate discipline. The requirements of CBP's "zero tolerance" policy mandates an investigation of such allegations. The regulations impose on supervisors the obligation to prevent conduct such as Prishker's, to supervise subordinates to ensure compliance, to investigate violations, and to report proscribed conduct.
>
> 50. Supervisors with knowledge of such misconduct are required to report it for investigation and to stop it. Under the CBP policy, agency personnel are required to "immediately report any knowledge, suspicions or information regarding an incident of sexual abuse, or any employee misconduct or neglect that may have contributed to any incident of sexual abuse, assault or retaliation." These obligations are mandatory, not discretionary. CBP states, "All sexual abuse and assault allegations shall be considered significant incidents. All allegations of sexual abuse and assault as defined in the Standards must immediately be reported to the Commissioner's situation room and the Joint Intake Center."

/ / /

(FAC ¶¶ 49–50.) These regulations were also specifically mentioned, if not cited to, in Plaintiff's first cause of action for negligence:

> 60. The law imposes a duty upon CBP personnel to comply with their obligations of preventing sexual abuse, supervising subordinates to ensure proper conduct, and promptly reporting sexual harassment and abuse. The duty is for the protection of actual and potential victims, such as Karen Parker.
>
> . . .
>
> 62. Does 8–15 are Border Patrol officials and supervisors who failed to supervise Prishker adequately, and failed to intervene, halt or report Prishker's conduct towards other victims who suffered Prishker's assaults, threats, insults and misconduct before Prishker's conduct towards Plaintiff Karen Parker.
>
> 63. Had Does 1–15 complied with their mandatory duty, Prishker would not have been able to commit his wrongs against Plaintiff.
>
> 64. Does 1–15 breached their mandatory duty. Their conduct was in the course and scope of their federal employment.

(FAC ¶¶ 60, 62–64.) Plaintiff therefore does not plead a new claim but rather further specifies the regulations at issue in the negligence per se theory of negligence that was alleged in her First Amended Complaint. *See, e.g.*, *Roe v. CoreCivic, Inc.*, 823 F. Supp. 3d 1137, 1156–57 (S.D. Cal. 2026) (noting that, under California law, negligence per se is not its own cause of action but rather a theory of negligence).

The Court therefore declines to revisit Judge Berg's Rule 16(b) analysis. Turning to Rule 15, five factors, also known as the "*Foman* factors" because they were articulated in *Foman v. Davis*, 371 U.S. 178 (1962), are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The United States makes no argument that Plaintiff acted in bad faith and, given Judge Berg's implicit finding that Plaintiff was diligent, (*see* ECF No. 61 at 2); *see also Johnson*, 975 F.2d at 609

("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."), the Court finds there was no undue delay.

To the extent the United States argues that amendment would be futile because "[n]one of the Plaintiff's claims are standalone claims based upon a PREA violation" and "[a]ny reference to PREA, therefore, is unnecessary[,]" (*see* Opp'n at 5; *see also id.* at 6), the Court disagrees. As explained above, these regulations have been part of Plaintiff's negligence cause of action since at least May 2026.[1] (*See* FAC ¶¶ 49–50, 60, 62–64.) Further, Plaintiff's amendments do not "expand[] the litigation to bootstrap a PREA cause of action for the Plaintiff (a private individual) against the government, which is inconsistent with its legislative intent," (*see* U.S. Supp. Br. at 6), because negligence per se "does not provide a private right of action for violation of a statute" but "[i]nstead[] . . . operates to establish a presumption of negligence for which the statute serves the subsidiary function of providing evidence of an element of a preexisting common law cause of action." *See Roe*, 823 F. Supp. 3d at 1156 (quoting *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285–86 (2006)).

Finally, although the United States's prejudice arguments are untimely, (*compare* Opp'n (making no arguments regarding prejudice), *with* U.S. Supp. Br. (arguing prejudice for the first time)), they, too, are without merit. In addition to arguing that Plaintiff's allegations "would create a new and novel theory of liability,"[2] (*see* U.S. Supp. Br. at 6)—

---

[1] For this reason, the fifth and final *Foman* factor—*i.e.*, whether Plaintiff has previously amended her complaint—does not weigh against amendment here. While Plaintiff could, and probably should, have included the citations and explication of the PREA regulations in her First Amended Complaint, her failure to do so does not materially bear on the Court's analysis.

[2] *Kamal v. Eden Creamery, LLC*, does not help the United States. In *Kamal*, the named plaintiffs sought to amend their complaint to allege that the defendants' product was inherently defective—based on facts that the defendants had argued since the inception of the case—whereas their prior complaints had alleged false advertising. *See* No. 18-CV-1298 TWR (AGS), 2020 WL 7226177, at *1–3 (S.D. Cal. Dec. 8, 2020), *aff'd*, 88 F.4th 1268 (9th Cir. 2023). The plaintiffs in that case therefore sought "to substantially change their theory of the case at [a] late stage." *See id.* at *8. Such is not the case here, where Plaintiff's amendments provide only further clarification regarding a previously alleged negligence cause of action.

which, for the reasons stated above, they do not either within the context of this litigation or negligence law more generally—the United States argues that fact discovery has closed and Plaintiff's "PREA-related allegations would require the parties to address regulatory standards, institutional practices, and potential PREA-based defenses for the first time—subjects that fall entirely outside the scope of the discovery completed in this case." (*See id.* at 7.) The United States fails to articulate any specific discovery that would be required, and the Court suspects that most additional discovery—if any—would be within the United States's, rather than Plaintiff's, possession. Even if this were not the case, "[t]he prejudice to the [United States] may be appropriately addressed by reopening discovery." *See Khan v. City & Cnty. of San Francisco*, No. 24-CV-09289-LJC, 2026 WL 1179863, at *4 (N.D. Cal. Apr. 30, 2026). In any event, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. C 06-3359 JF (RS), 2009 WL 667171, at *2 (N.D. Cal. Mar. 10, 2009) (first citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); then citing *Genentech, Inc. v. Abbott Labys.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989); then citing *United States v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)). Ultimately, "[t]he party opposing amendment bears the burden of showing prejudice," *DCD Programs*, 833 F.2d at 187, and "[w]here a party opposes a motion for leave to amend on the basis of undue prejudice, the showing of prejudice must be substantial." *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1094 (S.D. Cal. 2002) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The United States does not make such a showing here.

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs*, 833 F.2d at 185), and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original) (citing *Lowrey v. Tex. A&M Univ.*

*Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)). Given the United States's failure to make a substantial (or timely) argument for prejudice or a strong showing as to undue delay, bad faith, repeated failure to cure deficiencies, or futility, the Court **GRANTS** Plaintiff's Motion. *See, e.g.*, *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2000), *as amended* (Jan. 31, 2001) (concluding district court erred in denying leave to amend where the defendants "failed to identify any prejudice they would suffer from allowing [the plaintiff] to amend his complaint"), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001); *Pacheco v. CulturaLink, LLC*, No. 23-CV-01499-AMO, 2026 WL 1110690, at *5 (N.D. Cal. Apr. 24, 2026) (granting leave to amend where "[the defendant] fail[ed] to identify any prejudice"); *E.D. v. Citizen Hotel*, No. 2:25-CV-01062-JAM-JDP, 2026 WL 972710, at *5 (E.D. Cal. Apr. 10, 2026) (granting motion for leave to amend where "Defendants do not argue they will suffer any prejudice in their Opposition"); *Mo v. Internet Corp. for Assigned Names & Numbers*, No. 2:25-CV-09014-SPG-AJR, 2025 WL 3764070, at *2 (C.D. Cal. Dec. 23, 2025) (granting leave to amend where "Defendants have not identified any prejudice that they will face from permitting Plaintiff leave to amend"); *Brunell v. Thermo Fisher Sci. Inc.*, No. 25-CV-1125 JLS (DEB), 2025 WL 3063628, at *2 (S.D. Cal. Nov. 3, 2025) (granting leave to amend where "Defendants have not identified any prejudice they would suffer as a result of amendment"); *Bride v. Yolo Techs., Inc.*, No. 2:21-CV-06680-FWS-MBK, 2025 WL 2019944, at *6 (C.D. Cal. July 1, 2025) (granting leave to amend where "Defendant does not argue there is any prejudice"); *Kingsley Mgmt. Corp v. City of Santa Ana*, No. SACV 22-00076-CJC(DFMX), 2024 WL 3075230, at *1 (C.D. Cal. Mar. 11, 2024) ("Nor does the City identify any prejudice it would suffer if Plaintiffs are permitted to file an amended complaint.").

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion (ECF No. 65). At her earliest convenience, Plaintiff **SHALL FILE** her proposed Second Amended Complaint, which was previously filed at ECF No. 65-3, as her operative Second Amended

/ / /

Complaint. Defendants **SHALL RESPOND** to the Second Amended Complaint within fourteen (14) days of its electronic docketing.

**IT IS SO ORDERED.**

Dated: November 9, 2026

Honorable Todd W. Robinson
United States District Judge